McGEE et. al. vs. PORTER.

14 611
122 526

1. The 5th section of the statute concerning wills, declaring that "every person who shall sign the testator's name to any will by his direction, shall subscribe his own name as a witness to

such will, and state that he subscribed the testator's name at his request," is mandatory; and not merely directory; and, if such statement be not made, the will is void. There is no such thing known as a "voidable will." The wife having signed the testator's name, without subscribing her own name as a witness to the will, as stating that she signed the testator's name at his request, the defect was held to be fatal, and the will void.

## ERROR to Marion Circuit Court.

### Howell, for plaintiff in error.

I. On the issue as to the soundness of the mind of said James McGee, to entitle him to make a valid will, the weight of evidence was with the defendants below.

II. The court below committed error in permitting persons other than the attesting witnesses to testify as to their opinions of the testator's capacity at the time to make a will (see 2 Greenl. on Ev. p. 577,) sec. 691, title wills, and authorities there cited. 7 Mo. R. 589, Withington et. al. vs. Withington et. al.

III. Said writing was not signed by the said James McGee, but his name was signed by his wife to said instrument, who was not and could not be an attesting witness thereto. See 5th section statute of wills, which requires every person who shall sign the testator's name to any will, to subscribe his own name as a witness to such will and state that he subscribed the testator's name at his request. Said paper was not, therefore, properly attested as the will of said deceased, and is therefore void. See evidence of Thomas W. Barnett one of the attesting witnesses to this fact.

IV. The county court having rejected said paper when produced to said court for probate, as the will of James McGee, deceased, the presumption did not exist on the trial in the circuit court that said deceased was of sane mind when he made said writing ; and therefore the instruction of the court, that on said trial, the law raised that presumption, was erroneous; also the same instruction that the burden of proving unsoundness devolved on defendants, was wrong.

V. The court erred in giving the fifth instruction for plaintiffs, and in refusing the converse of that instruction as offered by defendants. See 5th section, act concerning wills.

VI. The court erred in refusing the 4th, 6th and 7th instructions offered by defendants, and committed manifest error in refusing the 5th instruction offered by defendants. "That if said paper was not signed by said James McGee or by some other person by his direction and in his presence, the jury should find for the defendants."

VII. The court having given wrong instructions for the plaintiffs and refused proper instructions for defendants, should have set aside the verdict and granted a new trial.

### Glover & Campbell, for defendants in error.

I. The weight of testimony supports the verdict of the jury. Dr. McConnel's opinion was entitled to more weight than that of any other witness, as having had better opportunity to form an opinion, and his evidence is entirely satisfactory to the point of the competency of the testator to dispose of his property at the time the will was made. 5 H. & John, 480.

II. The presumption of law is, that the testator was of sound mind and capable of making a will, and the burthen of showing the contrary devolved on the defendants. 2 Starkie Ev. p. 129; N. Hamp. 514; 8 Watts 66; 2 B. 74-9.

III. There was no evidence of any derangement or insanity or imbecility of mind in the testator at any time. The facts deposed to by which this is attempted to be shown by witnesses who never talked with the testator, and who observed him when sleeping or only partially awake, re entitled to no consideration; particularly when no one of these witnesses ever expressed the opinion of his insanity till after the controversy arose.

McGee et al. vs. Porter.

IV. There was not a particle of proof of undue influence on the part of the wife of the testator or any other person over him at any time, prior, at, or subsequent to the publication of the will.

V. It is not undue influence, nor is it evidence of undue influence that one has procured a will to be made in his favor by fair agreement or persuasion. 2 Starkie Ev.. page 932, note 1.

VI. That in this case the will must be considered as executed by the testator in person as the testimony is, he took a pen and retraced by "dotting over" the signature, the characters of his name written by his wife; besides his acknowledgment of the signature by the testator proved by all the witnesses was proof to be weighed by the jury as proving the execution to have been made by the testator in person. 5 B. Mon. 511 ; 2 Mon. 83.

VII. That if the said will was not signed personally by the testator, but by his wife, at his request, the will is not void; because that fact was not stated on the face of the will, this does not avoid the will, the statute not declaring such shall be the effect, it is only directory. The question, however, does not arise in the case, and the jury no doubt found the signing by the testator.

VIII. The subscribing witnesses were not the ones competent in law to testify to the sanity of the testator. It is proper to produce the subscribing witnesses, all of them, but their testimony is not conclusive on the question of sanity or insanity. 3 Mass. 236; 8 Mass. 371; Starkie Ev. p. 932, note (1;) 9 Yerg. 329. The case in 7 Mo. Rep., 589, is not in conflict with this doctrine. The remarks of the judge there, when understood with reference to the subject matter, show that it was only meant that two witnesses must attest the will as subscribing witnesses.

IX. The fifth instruction moved by the defendant was already given for the plaintiffs.

X. The seventh instruction moved by defendant was improper, because it assumes that unless the signature was made for the testator by a third person, &c., the same would be invalid. The defendants recovered more by that instruction than they were entitled to,

XI. The court cannot in this case reverse, because the evidence did not sustain the verdict. 6 Mo. Rep., 177.

RYLAND, J., delivered the opinion of the court.

This was a proceeding in the circuit court of Monroe county, in order to have a certain instrument of writing established as the last will of James McGee. The county court had previously to the commencement of this proceeding, refused to admit the same to probate.

The testimony appearing on the record is conflicting and unsatisfactory in relation to the sanity of the testator at the time of making the supposed will. We are not disposed however to find fault with the verdict of the jury—the fact of the soundness and capacity of mind of the said James McGee was fairly submitted to the jury by instructions, and their verdict will not be disturbed by the court.

The main question in this case arises from the manner in which the will was executed. The testimony of the subscribing witness, Barnett, clearly shows that the name of the testator was written by his wife; that Mrs. McGee signed her husband's name to the will; and then carried it to him, and that he dotted over his own name—the witness says

that Mrs. McGee signed her husband's name at his request or intimation so to do.

The record shows nothing more than a mere subscription of the name, no mark, no dot—the testator's name is written as if he had written it himself.

Upon this evidence, the court was asked to instruct the jury as follows:

"6. That if the jury find from the evidence in this case, that said paper purporting to be the will of said James McGee, was signed for him by another person, they will find for the defendants, unless, they further find that the person so signing the name of the said James McGee, subscribed his or her name, as a witness, to said paper purporting to be a will, and also state that he or she subscribed the said James McGee's name, at his request.

7. Unless the jury believe from the evidence that the writing offered as the will of James McGee, was signed by him, as his last will and testament, or that he had it signed by some other person by his direction and in his presence, and that such person signing by his direction, subscribed his or her own name as a witness to the said writing, stating that he or she subscribed the testator's name, at his, testator's request, said writing is not duly signed and attested as a will according to the law of this State." The words following were added by the court: "But the will is not thereby void, but voidable only."

The 5th section of the Statute concerning wills, declares that "every person who shall sign the testator's name to any will by his direction, shall subscribe his own name as a witness to such will, and state, that he subscribed the testator's name at his request." The instructions the court refused to give as set forth. It gave the 7th instruction, with the addition thereto as above. It was under this statute that the above instructions were asked.

It becomes necessary therefore for this court to state our opinion in regard to this statute.

We consider this section of the act concerning wills as mandatory, not merely directory; and that the failure of the person who subscribes the testator's name by his direction to any such will to subscribe his name thereto as a witness, stating that he subscribed the testator's name at his request, is a fatal defect in the execution of a will.

Under this view of the law, then, the court below erred in refusing to give the instruction above set forth. The seventh instruction should have been given without the addition thereto by the court, which addition renders the instruction unintelligible. We know nothing about "voidable wills."

The judgment below is reversed and cause remanded for further proceedings not inconsistent with this opinion.