St. Louis Hospital Association *v.* Williams' Adm'r.

————•◦•————

THE ST. LOUIS HOSPITAL ASSOCIATION, Respondent, *vs.* WILLIAMS' ADMINISTRATOR, Appellant.

1. Under the fourth section of the act concerning wills, (R. C. 1845,) a mark is a sufficient signing by the testator, notwithstanding he was able to write.
2. But if, in addition to the mark, the testator's name is signed to the will by another, *at his request*, the will is void, unless the person who writes the testator's name signs his own name as a witness, and states that he subscribed the testator's name, at his request, as required by the fifth section of the act. (*McGee* v. *Porter*, 14 Mo. Rep. 611, affirmed.)
3. The supreme court will not infer one fact from other facts found by the court below.
4. A devise to a corporation will not be avoided by an immaterial variation in the name.

*Appeal from St. Louis Circuit Court.*

*Barton Bates*, for appellant. 1. The fifth section of the act of 1845, concerning " Wills," (R. C. 1845,) required that the witness to this will, who wrote the testator's name, should have stated that he subscribed the testator's name at his

request; and without that statement, the paper was void as a will. *McGee* v. *Porter*, 14 Mo. Rep. 611. The making of a mark was not of itself a sufficient signing. The law requires that the testators's name shall appear to the will, and it provides for those cases in which the testator is not able to sign himself, by allowing his signature to be made by another at his verbal request; but imposes upon the agent the duty of stating that he did so write the name. 2. The plaintiff cannot claim the devise, which was to the St. Louis Hospital. A corporation can only be known by its corporate name.

*A. P. & P. B. Garesché*, for respondent. 1. A mark is a sufficient signing by the testator within the meaning of the fourth section of the act concerning wills. 2. Greenleaf's Ev. §674. 1 Powell on Devises, 78. 5 Johns. 144. 3 Curteis, (7 Eng. Ecc. Rep. 752.) 3 Nev. & Per. Rep. 228. 8 Adol. & Ellis, 94. 1 Jarman on Wills, 111. 2. The will having been sufficiently signed by the testator himself, it was not necessary to follow the directions of the fifth section, which is only applicable to a case where the testator does not sign himself. *Butler* v. *Benson*, 1 Barb. S. C. Rep. 526. 4 Harr. (Del.) 350. 2 ib. 448. In the case of *McGee* v. *Porter*, 14 Mo. Rep. 611, there was no signing by the testator himself. 3 Strobhart's (S. C.) Rep. 297. 1 Jarman on Wills, 189. 3. A corporation need not be described by its corporate name, if the corporation intended can be precisely ascertained. Parol testimony is admissible to correct improper description of person in devises. Roper on Legacies, (1st Am. from 3d Lond. ed.) pp. 132 *et seq.* and cases there cited. 1 Powell on Devises, p. 99, 283, marginal, 337, 483.

Scott, Judge, delivered the opinion of the court.

This was a proceeding in the Circuit Court of St. Louis county, under the 31st section of the act respecting wills, in order to establish the will of John Williams, which had been offered for probate by the respondent, and been rejected. The

will was made on the 9th day of June, 1849, and was presented for probate and rejected the 13th day of the same month, in the same year.

The will was authenticated in this manner :

his<br>
" JOHN + WILLIAMS,"<br>
mark.

and was attested by two subscribing witnesses, as is required by the fourth section of the act concerning wills. Neither of the subscribing witnesses, in his attestation of the will, stated that he subscribed the testator's name, at his request, in pursuance to the requisition of the fifth section of the act. The trial of the cause was by the court, whose finding, as to the material facts involved in this controversy, was as follows : " That the paper dated June 9th, 1849, offered for proof, as the will of John Williams, was written by P. B. Garesché, at the request of said Williams ; that said Williams, being sick, was unable to sit up so as to write his name, and said Garesché then wrote the words or name, " John Williams," at the bottom of the will, and said Williams made his mark between the words " John" and " Williams," and acknowledged the mark as his signature, and published and declared the paper, so signed, as and for his last will and testament." The finding continues, and shows that the will was attested and authenticated, as is required by the fourth section of the act respecting wills. The court found for the Hospital Association, and established the will, from which an appeal was taken to this court.

The arguments for the will show that it is sought to be established, on the ground that the writing of the name of the testator to his will was unauthorized ; that he designed authenticating it by his mark alone, and such being the case, it is a good will under the fourth section of the act.

The essential words of our act correspond with these of the statute of 29 Chas. II., which relate to wills, the received construction of which is, that a mark is a sufficient signing, and

that, notwithstanding the testator was able to write : 1 Jarman, 69. But when a will is authenticated, apparently both by a mark and the name of the testator, our statute makes it material to ascertain whether the testator's name was put to the will by his direction. It is not necessary that there should be an express direction. A direction may be proved by circumstances. The finding of the court is silent as to this material fact. It either did or did not exist. The judgment of the court (being for the will,) would warrant the inference that, in its mind, there was no direction of the testator to put his name to the will, or, in other words, that the act was unauthorized. We are of the opinion, that the conclusion should have been drawn from the facts existing, whether the act of signing the testator's name was authorized by him or not. It should have been found one way or the other by the court trying the cause. In reviewing the law of a case, on the facts found, it is not the province of this court, from one or more facts, as found, to deduce the existence of another fact. This judgment, then, must be reversed, in order that it may be found whether the name of the testator was written to his will by his direction.

If the name of the testator was written to the will by his direction, the case of *McGee* v. *Porter*, 14 Mo. Rep. 611, is decisive that the provision of the fifth section of the act is imperative, and a failure to comply with it will render the will inoperative.

With regard to the name of the corporation suing here, it may be observed, that in deeds to corporations, and the same may be said of devises, the description by name is sufficient, if there be enough to show that there is such an artificial being, and to distinguish it from all others, though the words and syllables are varied from. Bac. tit. Cor. Chancellor Kent says : " That the general rule to be collected from the cases is, that a variation from the precise name of the corporation, when the true name is necessarily to be collected from the instrument, or is shown by proper averments, will not invalidate a grant by or

to a corporation or a contract with it, and the modern cases show an increased liberality on this subject." 2, 292.

Judge Ryland concurring, the judgment is reversed, and the cause remanded.