READY, Respondent, *vs.* STEAMBOAT HIGHLAND MARY, Appellant.

1. Upon the question of negligence of a boat, evidence of the statements of the pilot is not admissible.

### *Appeal from Jackson Circuit Court.*

This was an action against a boat under the statute to recover the value of a horse alleged to have been lost by reason of the negligence of the officers and crew of said boat. The facts appear in the opinion of the court when the cause was formerly here. (17 Mo. Rep. 461.) The case now comes here after a trial by jury. At the trial, the deposition of Sublett, who was a passenger on the boat upon the trip when the horse was lost, was read on behalf of the plaintiff. The defendant objected to a portion of this deposition, which is set out in the opinion of the court, but the objection was overruled. After a verdict and judgment for plaintiff, the defendant appealed.

*J. B. Hovey,* for appellant, among other points relied upon for a reversal of the judgment, insisted that the court erred in admitting the evidence of Sublett as to what Holland told him.

There was no appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

From the record in this case, it becomes necessary for this court to consider the rulings of the court below in regard to admitting evidence for the plaintiff, and in giving instructions to the jury.

This case was before this court at a previous term, and was reversed. (See 17 vol. Mo. Rep. 461.) The general prin-

ciples involved in the case were settled in the opinion there given and reported. We shall now only observe the instructions and the evidence of the witness, Sublett.

1. In regard to the instructions, this court cannot find any serious objection to those given, nor do we see error in refusing the one not given. Upon this ground, then, we would not disturb the judgment; but this court is, with reluctance, compelled to send the case back, for the act of the court below, in admitting that part of Sublett's deposition, in which he details a conversation between himself and Mr. Holland, a pilot on the boat.

The witness, in his deposition, states : " On the night that said horse was lost, witness sat up until 11 o'clock, knowing that the mouth of Little Blue was a dangerous place on the river. *Mr. Holland told witness that he would not pass that place that night.* Mr. Holland was one of the pilots of said boat. With this assurance, witness went to bed and knew nothing of the accident until morning."

The defendant objected to that part of the deposition detailing what Holland told witness. It was but secondary evidence—hearsay, at best, and Mr. Holland might have been produced and examined, or his deposition taken, showing why he was unwilling to pass that part of the river at night.

We cannot say what effect this improper evidence had on the minds of the jury ; it was calculated to make the impression that a pilot thought it wrong to pass by the mouth of Little Blue in the night ; and that it was, therefore, some evidence of negligence or want of care in the officers of the boat in thus passing. No matter what impression was made, it is not for this court to say that no harm was done to the defendant by this evidence. There may have been none, or it may have been an inducement to make the jury find for the plaintiff. At all events, it was not proper evidence ; it should have been rejected ; it was error to admit it. The judgment below is reversed, and the cause remanded ; Judge Scott concurring.