JOSHUA B. POOL, Appellant, v. WM. G. BUFFUM, Respondent.

## Appeal from Jackson County.

Will, Execution of.—Construction given to section 5, p. 355, of statute of 1854, and of sections 4 and 5, code, p. 936.

Idem.—The making by a testator of his mark to his will is a signing of the will.

Idem.—If another person signs the testator's name to the will, unless it be done by the testator's direction, it was not necessary for that person to state that he "subscribed the testator's name."

THE matter controverted in this case was submitted to the circuit court for determination without action, under section 254 of the practice act, by a statement in writing, containing the facts. The case, stated by the parties, shows that James R. Pool, a brother of said Joshua B. Pool, a resident of Jackson County, in this state, died in California, October 28, 1868, leaving both real and personal property

Pool v. Buffum.

in this state; that afterwards an instrument was admitted to probate in Jackson County, as the last will and testament of the said James R. Pool, a copy of which is given. It is attested as follows: "In witness whereof, I have hereunto set my hand and seal, this third day of August, in the year of our Lord one thousand eight hundred and fifty-eight.

his
"JAMES R. × POOL.
mark.

"NELSON WALLING; residence, Polk County, O. T.

"THOMAS B. JACKSON; residence, Yamhill County O. T."

The case stated shows that the name of James R. Pool was placed at the bottom of said instrument by Thomas B. Jackson, one of the subscribing witnesses above named, and the mark in said name was made by James R. himself. The question submitted was whether the facts thus stated show a good execution of the instrument, as the last will and testament of James R. Pool, deceased.

*B. F. Dowell* and *O. Jacobs*, for appellant.

Every will shall be in writing, *signed by the testator*, or by some one under his direction, in his presence, and shall be attested by two or more witnesses, subscribing their names to the will in the presence of the testator. (Stat. of 1854, p. 355, sec. 5.)

Every man who shall sign the testator's name to any will by his direction, shall subscribe his own name as a witness to such will, and state that he subscribed the testator's name at his request. (Code, p. 936, secs. 4 and 5.)

That a fair construction of these two sections would exclude the idea that a will could be validly signed by a mark alone.

A respectable minority of state courts have decided that a signing by mark was not sufficient. (Redfield on Wills, p. 203–205, note 6.)

That the majority is the other way. Can the signature be treated as surplusage, and the *mark* in it made by Pool, held as a sufficient signature. (Redfield on Wills, vol. 1, p. 204; 21 Mo. 17; 20 Mo. 266.)

*J. D. Fay* and *Lansing Stout,* for respondent.

The act of making a mark with the intention of signing is a signature within the primative and original meaning of the term. (11 Bur. L. D. 466.)

A mark intended as a signature is regarded in law as a full and complete signature. (11 Green Ev. sec. 674; 1 Sugden on Powers, 331, etc.)

Signatures by marks are treated as original signatures. (27 Barb. 556; 12 Cush. 332; 13 U. S. D. 703; 20 U. S. D. 533; 16 B. Monroe, 102; Redfield on Wills, 227.)

Substantial compliance with statute is sufficient. (2 Barb. 200.)

UPTON, J. This appeal presents the question whether the instrument under consideration is valid as a will, notwithstanding, the subscribing witness, who wrote the decedent's name, did not state in writing that he subscribed the testator's name at his request.

Section 4, code, p. 936, provides: "Every will shall be in writing, signed by the testator, or by some other person under his direction, in his presence, and shall be attested by two or more competent witnesses, subscribing their names to the will in the presence of the testator."

Section 5 provides, that "every person who shall sign the testator's name to any will, by *his direction*, shall subscribe his own name, as a witness to such will, *and state* that he subscribed the testator's name at his request." It does not appear by the case presented, that the witness, Jackson, *stated* that he subscribed the testator's name at his request, nor whether he signed it "by his direction."

The case of *St. Louis Hospital Association* v. *Williams, Adm'r.,* 19 Mo. 609, is cited in opposition to the validity of the instrument. The statute of that state is identical in language with sections 4 and 5 above set out, and it was said in the course of the argument, that our act concerning wills was copied from a statute of Missouri. Decisions in other state courts, upon statutes in terms identical with our own, are of great assistance in construing the language used

Pool v. Buffum.

whenever there is ambiguity in its meaning. In that case, SCOTT, J., who delivered the opinion, says: "The essential words of our act correspond with those of the statute 29 Charles, II, which relates to wills, the received construction of which is, that a mark is a sufficient signing, and that, notwithstanding the testator was able to write. (1 Jarman, 69.) But when a will is authenticated apparently, both by a mark and the name of the testator, our statute makes it material to ascertain whether the testator's name was put to the will by his direction. It is not necessary there should be an express direction. A direction may be proved by circumstances. The finding of the court is silent as to this material fact. It either did or did not exist. The judgment of the court, being for the will, would warrant the inference, that in its mind there was no direction of the testator's to put his name to the will, or in other words, that the act was unauthorized. We are of the opinion that the conclusion should have been drawn from the facts existing, whether the act of signing the testator's name was authorized by him or not. It should have been found one way or the other by the court trying the cause." "In viewing the law of a case, on the facts found, it is not the province of this court, from one or more facts found, to declare the existence of another fact. This judgment must then be reversed, in order that it may be found whether the name of the testator was written to his will by his direction."

In that case, the particular error committed by the court below, was a failure to find upon a question of fact. That court heard the evidence, and was required by law to find the facts from the evidence, and it was held, that the circuit court in failing to do so, committed an error, for which the case was sent back for a new trial. In the case before us, the parties stated the facts in writing. The court below had no occasion to weigh evidence or find conclusions of fact, and could not commit the error, for which the judgment in that case was set aside. That case affirms these two important positions:

1st. When the testator attests a will by his mark, it is a sufficient signing, and is a valid mode of executing a will.

2d. It is not necessary for the subscribing witness to state, that he subscribed the testator's names, "at his request," unless he signed it to the will, by the testator's direction.

The case above noted, and that of *Northcutt* v. *Northcutt*, 20 Mo. 265, are relied upon as decisive against the validity of the will in this case; but the latter is entirely consistent with the former, and places the necessity of the "statement" upon the statutory requisition, making it depend upon the fact, that the signing was "by the testator's direction." In this case, it is admitted that the decedent made his mark; that is, according to those cases, he signed the will, in the presence of the two subscribing witnesses. This then, is a good execution of the will, according to the opinion delivered by Scott J., unless it has been rendered null by ineffectual attempt of one of the subscribing witnesses to make the act still more formal and conclusive. The case stated shows, that the witness Jackson, placed the name of the testator at the bottom of the will, but does not show whether the act was done by the testator's direction. According to the cases cited by the appellant, if it was not done by the testator's direction, it was not necessary for Jackson to "state that he subscribed the testator's name." The facts here stated, disclose acts done, sufficient in themselves to make a valid will, if not impaired or vitiated by other circumstances occurring at the time, and the case leaves an uncertainty, whether or not such circumstances existed, or such other acts were done, as to render those, which otherwise would have been sufficient, ineffectual to carry out the known and admitted intention of the testator. A technical right, when perfectly established, is as much entitled to protection as any other right. It is entitled to the protection of the law from the fact that it is a right. It is the duty of a court to respect the rules of positive law, whether technical or otherwise; but it is a distinguishing feature of a technical right, that it invokes no

Pool *v.* Buffum.

implications in its favor. It is, therefore, altogether just and proper to require, that one who rests his cause upon a pure technicality, should himself be technically correct, and be fortified against similar claims. In construing contracts or wills, effect should be given to the intention of the parties when ascertained, if it is possible to do so without doing violence to positive law.

The question here is, whether the circuit court committed an error in upholding the instrument in question, as a last will and testament. The case stated omits one fact, which, in the case first above cited, was deemed material. Without that fact, that is, without being informed, whether writing the testator's name was or was not done by his direction, it is not possible to say whether it was or was not the duty of the writer to do more than was done. It is not before us to say how the case would stand if issue were joined, and the witness Jackson was produced to show that the decedent did make his mark, or did direct the witness to write his name. The admissibility of the evidence would present a very different question from the one before us. It is admitted that the decedent did make his mark—there is no question of admissibility of the evidence to prove the execution. It is settled by the case as stated, that the decedent sought to execute the instrument as his will. If the decedent affixed his mark to the paper, it is a signing within the meaning of the statute, as construed in cases from Missouri, without his name being written at the place of signing. For aught that appears in this case, the writing of the name of the decedent by the subscribing witness may have been done while the will was being executed, or it may have been an independent or separate act, done after the instrument was complete. It may have been done at the decedent's request, or it may have been done officiously, under an erroneous impression that such a writing was a necessary formality, and without any direction from the decedent. If done at the time of making the mark and under decedent's direction, it would be a question not touched by any of the cases cited, whether an act that

amounted to a signing would lose its efficacy by a repeated signing, without the annotation required. If done without any direction from the decedent, the want of the notation would not vitiate the decedent's acts. If we are to hold that every one who writes the testator's name by the testator's request, is literally within the statute, we include every case where the testator takes no part physically in the act—cases where he makes his mark and another writes his name; and a class of cases where the party subscribing writes his name in a language or by means of an alphabet not in general use in the country where the act is done, and some other person writes. the name in the ordinary alphabet, by way of explanation or interpretation of the characters used in the signature. , In such a case, the writing of the name, though perhaps convenient, is not necessary to the validity of the will, and its being done scarcely raises an inference whether or not it was done by the direction of the testator, or party signing. If one should make a last will, subscribing his name in full, and another *without his request* should write the decedent's name again upon the instrument, for any reason, either because the name was in an alphabet not in common use, or that through sickness or for other cause, the name was so obscurely written as to make some explanation desirable, it would not be a case within the provision of the statute. So in this case, if the mark is a signing, and it is unknown whether the name was written at the same time, or after the occasion when the mark was made, if it is also unknown whether it was done under the direction of the decedent, what presumption is to be indulged; or what is the duty of the court in the absence of any legal presumption? Shall a court without proof assume that the writing of the name was done at the particular time, or under decedent's direction, when it is obvious to the court, from the agreed case here stated, that such an assumption will defeat the intent of the decedent? If we assume that the decedent knew the law, we must see that he had no reason to give such direction; and if the subscribing witness knew the law, he either received no

such direction, or he neglected his duty, and was guilty of a wrong in not noting the fact that "he subscribed the testator's name at his request."

Where one makes his mark, and another at his request writes the name, which one signs? If making one's mark is a signing within the law, it may be doubted, whether the writing of the name by another at the same time is a *signing* within the meaning of the statute—but it is not necessary to pass upon that question.

It does not appear from the case stated that the witness, Jackson, wrote or signed the testator's name *by his direction*, and it does appear that the testator himself made his mark, which is a signing according to the authorities cited by the appellant. There is enough in the case stated to justify the circuit court in sustaining the will. On appeal, error will not be presumed, but must affirmatively appear by the record.

The decree below should be affirmed.