MISSISSIPPI VALLEY TRUST COMPANY, a Corporation, Co-executor under the Will of ROSA RUHLAND, Deceased, Plaintiff-Respondent, v. HARRY JAMES RUHLAND, Individually and as Co-executor under the Will of ROSA RUHLAND, Deceased, JESSIE MAY DAVID, FLORENCE CAREY, RUTH BATCHLER NOYES, JUNE FINEGAN CRICKARD, HELEN EDNA VENINGA and EDWARD C. SCHNEIDER, Guardian ad litem for BARBARA NOYES, a Minor, Defendants-Appellants, SAMUEL MARSH as and only as Director of the Department of Public Health and Welfare of the State of Missouri, PROCTOR N. CARTER as and only as the Director of Welfare of the Division of Welfare of the Department of Public Health and Welfare of the State of Missouri, and L. N. COFFMAN, C. CICERO OGLE, LEO W. HIGHLEY, EARL E. YOUNG, and W. E. BARTON as and only as the Board of Trustees of the Federal Soldiers' Home, Defendants-Respondents, DONALD J. WEISS, Intervenor-Respondent, GERMAN GENERAL PROTESTANT ORPHANS' ASSOCIATION, a Corporation, BLIND GIRLS' HOME, a Corporation, GOOD SAMARITAN HOSPITAL, a Corporation, THE HOME OF THE FRIENDLESS, a Corporation, ST. LOUIS WOMEN'S CHRISTIAN ASSOCIATION, a Corporation, Defendants, No. 41201—222 S. W. (2d) 750.

Division Two, September 12, 1949.

*Harry A. Frank* for appellants.

618

*Lashly, Lashly, Miller & Clifford, Jacob M. Lashly* and *George S. Roudebush* for plaintiff-respondent.

*J. E. Taylor*, Attorney General, *Hugh P. Williamson* and *Frank P. Motherway*, Assistant Attorneys General, for defendants-respondents.

BOHLING, C.—The Mississippi Valley Trust Company, a corporation, as co-executor under the will of Rosa Ruhland, deceased, instituted this suit for a declaratory judgment, presenting two principal questions in the trial court: "a) Were bequests to four of the six residuary legatees valid despite slight errors in the corporate names by which they were described; and b) was one of these residuary bequests to the Federal Old Soldiers' Home, apart from the apparently erroneous inclusion of the word 'Old' in its name, a valid bequest, and if not a valid bequest, to whom should its share of the residue be paid?"

The defendants are the residuary beneficiaries mentioned in "Item Eight" of Rosa Ruhland's will, infra, and the heirs at law of said testatrix, descendants of deceased brothers. They need not be specifically named.

All issues respecting the validity of the gift to any residuary beneficiary arising out of an inaccuracy in the description of such beneficiary were removed by a stipulation at the trial that the several misdescriptions were so slight as not to affect any right under the will of the misdescribed beneficiary. Consult McGregory v. Gaskill (Mo. App.) 296 S. W. 833; St. Louis Hospital Ass'n v. Williams, 19 Mo. 609; Society of Helpers of Holy Souls v. Law, 267 Mo. 667, 186 S. W. 718.

The remaining issue involves whether the Federal Soldiers' Home at St. James, Missouri, may receive (that is, has the legal capacity to accept) assets of an approximate value of $90,000, embracing an interest in certain real estate situate in St. Louis, Missouri, under Rosa Ruhland's will. The trial court answered in the affirmative. The heirs at law of Rosa Ruhland, deceased, have appealed, contending said gift is void and the property passes as intestate property to them as testatrix's heirs at law.

A written stipulation covering many facts was filed. It need not be set out in full. The material facts are: Rosa Ruhland died on January 3, 1945, at the age of 79. She had never married and had no children. She executed her will on August 25, 1938, and a codicil on January 23, 1939. This will was probated January 18, 1945. Her estate, appraised for inheritance tax purposes at $637,860.22, is in the course of administration. All specific bequests and all claims allowed against the estate have been paid, as have all expenses of administration and taxes payable up to the institution of this action.

After making specific gifts of less than $95,000, Rosa Ruhland, by "Item Eight" of her will, devised and bequeathed "all the rest,

residue and remainder'' of her property ''absolutely in equal shares to the following institutions:'' German General Protestant Orphans' Association; Blind Girls' Home; Good Samaritan Hospital; ''Federal Old Soldiers' Home, at the date hereof located at St. James, Missouri;'' Home of the Friendless; and St. Louis Women's Christian Association.

By an Act approved March 1, 1897 (Laws 1897, pp. 28-30, §§ 1-6, now §§ 15136-15141),* the appointment of a Board of Trustees was authorized for the establishment and maintenance of a home for Federal soldiers and sailors and army nurses, and the aged wives of such soldiers and sailors (§ 1); and said Board of Trustees was authorized ''to receive for a nominal consideration'' from the '' 'Woman's Relief Corps Soldiers' Home' '' a conveyance of the property known as the Soldiers' Home at St. James, Missouri, ''vesting the title to said property in the State of Missouri'' (§ 3).

Thereafter, by deed dated May 20, 1897, the Woman's Relief Corps Soldiers' Home ■■■ aforesaid conveyed said property to the State of Missouri for a stated consideration of $1.00.

The Home has been maintained by the appropriation of public funds (see, for instance, I Laws 1947, pp. 132, 133) and the receipt of Federal aid (see U. S. C. A., Tit. 24, § 134 as amended).

The heirs say the right to take property by testamentary gift ''is not a natural right but a creature of law,'' subject to the power of the sovereign to restrict or prohibit entirely [Re Rogers Estate (Mo.) 250 S. W. 576, 577(I); State ex rel. v. Guinotte, 275 Mo. 298, 310(I), 204 S. W. 806, 807(I); 68 C. J. 503, § 122; 59 C. J. 164, § 276; 56 Am. Jur. 138, § 153]; and contend that, in the absence of specific legislative authority, it is the policy of Missouri to deny to State institutions the capacity to accept gifts, including testamentary gifts, from private individuals. The trial court, in a well considered opinion, reached the opposite result; and we agree thereto.

We have said the policy of the law favors freedom in the testamentary disposition of property as expressed in wills provided an established rule of law is not contravened. Re Rahn's Estate, 316 Mo. 492, 502(II), 291 S. W. 120, 124(2), 51 A. L. R. 577.

''A state board empowered to take and hold the title to property for state purposes does not own such property in any proprietary sense. It is state property, to all intents and purposes, the same as where title thereto is formally vested in the state.'' 49 Am. Jur., 269, n. 10. See School Dist. of Oakland v. School Dist. of Joplin, 340 Mo. 779, 102 S. W. 2d 909, 910(2). Testatrix was charged with knowledge that the title to the Federal Soldiers' Home was in the State of Missouri. Laws 1897, p. 30, § 3; § 15138.

---

*Statutory references are to R. S. Mo. 1939 and Mo. R. S. A., unless otherwise specifically designated.

"As the sovereign at common law could take by will so there is no question that under our modern law either the nation, or a state, can be a beneficiary under a will." 1 Schouler, Wills, Executors and Administrators (6th Ed.), 44, § 44, and see § 31. The common law is in force in Missouri. § 645.

"Since the statutes of mortmain are not in force in this country, and our wills acts seldom impose restrictions on public corporations taking by will, there is no valid reason for denying such corporations the right to receive a legacy or devise in trust for a proper public purpose. So, in the absence of any specific constitutional or statutory restriction, a municipal corporation may take a devise or bequest under a will, not only in its own right but in trust for any purpose germane to the object of its organization. . . Among the public and quasi-public corporations that have been held capable of taking property under a will are the United States, a state . . ." Thompson, Wills (1947) 132, nn. 76, 79, 80. Consult Rollison, Wills (1939), 306, § 168 et seq.

In the absence of self-imposed constitutional or statutory prohibitions or restrictions, the right of a sovereign government to be a beneficiary under a will appears to be as unqualified and absolute as those of an individual. 68 C. J. 527, § 146; 59 C. J. 164, § 276; 49 Am. Jur. 269, n. 19 et seq. See 57 Am. Jur. 142, §§ 157, 158; 1 Page, Wills (3d Ed.) 461, n. l.

Statutory enactments provide for the escheat of property to the state in certain events, such as the failure of heirs or representatives capable of taking. §§ 620-642. If the State may take in such events, it should have capacity to take upon gift from the owner. Logically, a sovereign with power to bestow, restrict or prohibit the privilege of taking by testamentary gift upon its subjects, should itself, in the first instance, possess the power of taking. If it does not, from whence springs its source to bestow, or restrict or prohibit the privilege to others? "It may be stated generally that a devise or bequest to a country or political division, which tends to reduce taxation, and lessen the burdens of government, will be held valid as a charitable gift, although no particular purpose is specified." Annotation, 82 A. L. R., 476.

We are not directed to any applicable restrictions in the instant case. Sections 518, 519 and 550 impose no restrictions. It has been held that a county (Fulbright v. Perry County, 145 Mo. 432, 444, 46 S. W. 955, 959) and the City of St. Louis (Chambers v. St. Louis, 29 Mo. 543, 574, the first Mullanphy case, Scott, J. writing) may take by devise. "While affirmative legislative action would be binding as expressing the intention of the State, either in accepting or rejecting a gift of property to the State, yet such affirmative action is not essential in order to render a gift of property to the State valid." Adkins v. Kalter, 171 Ark. 1111, 287 S. W. 388, 390. Consult

Dickinson v. United States, 125 Mass. 311, 28 Am. Rep. 230, a leading case, and other cases cited to the texts mentioned above.

Express statutory provisions contemplate the receipt of private gifts of money and property for the use of the Federal Soldiers' Home and refute the contention of the heirs that it may be maintained only by the appropriation of State funds therefor. Section 15137, supra, expressly requires the Trustees of said Home to periodically report under oath "giving a detailed statement of all moneys and other property received on account of such home"; and requires said Trustees "to immediately transmit to the state treasurer all moneys received by them, or by any financial officer of the institution, *from whatsoever source*, except . . . [not material here], and the state treasurer shall . . . credit the same to the federal soldiers' home fund, which is hereby created and established." (Emphasis ours). This harmonizes with § 2 of the original act (Laws 1897, p. 29). The provision in said § 2 of the original act that the Trustees' "actual expenses incident to the care and maintenance and establishment of said home shall be borne by the state and be paid out of any moneys appropriated for its maintenance" is not to be tortured into a covenant by the State to reject gifts for the maintenance of said Home. The extent of the authority conferred upon the Trustees by the original act to covenant with respect to the acquisition of said Home was explicitly limited to receive the property "for a nominal consideration." Laws 1897, p. 30, § 3; § 15138. Sections 9363 and 9366 likewise recognize the right of the State to accept gifts on behalf of said Home.

In 1915 (Laws 1915, p. 409, now § 643) Missouri enacted a law providing, so far as here material: "Whenever any devise, bequest, donation, gift . . ." et cetera "shall be made or offered to be made to this state," a commission thereby created was "authorized to receive and accept the same on such terms, conditions and limitations as may be agreed upon between the grantor, donor or assignor of said property and said officials constituting said" commission, "so that the right and title to shall pass to and vest in this state; *and* all *such property* so vested in this state . . . *may be appropriated* for educational purposes, or *for such* other *purposes as the legislature may direct*." [Emphasis ours.] In 1933 (Laws 1933, p. 251) the State Board of Education was substituted for the commission named in the original act to accept such gifts.

Thus, in addition to its common law privilege, express statutory provisions authorized the acceptance of the absolute gift made by Rosa Ruhland's will to the Federal Soldiers' Home on behalf of the State.

In connection with the receipt of said gift and the sale of the interest of said Home in real estate constituting a part thereof, the office of the Attorney General of Missouri was of the opinion the Board of Trustees of said Home did not have legal capacity to accept said testamentary gift and dispose of said interest in said

real estate, and recommended the passage of legislation vesting designated officials with such authority. Thereafter, § 15138, supra, was amended (Laws 1945, p. 1758) and said Board of Trustees was expressly "authorized and directed to receive any grant or devise of land, or any gift or bequest of money or other personal property to the Federal Soldiers' Home, at St. James, Missouri, as an endowment of the said Federal Soldiers' Home, at St. James, Missouri, thereby vesting title to any such property in the State of Missouri for the sole use and benefit of said Home." This amendment, as well as other similar enactments with respect to other State agencies, was in affirmance of the common law, as developed hereinbefore; and, so far as the capacity of the State to accept testamentary gifts is involved, was declaratory thereof and the more clearly established the common law as being in force and effect.

The cases (cited infra) stressed by the heirs are, so far as necessary to a determination of the instant issue, readily distinguished in that they involved statutes imposing specific prohibitions as to what character of corporations might accept testamentary gifts, and the statutes involved were construed to preclude acceptance by the named governmental agency. In re Beck's Estate, 44 Mont. 561, 121 P. 784, 787, 1057, was by a divided court. In United States v. Fox, 94 U. S. 315, 24 L. Ed. 192 [affirming, (1873) 52 N. Y. 530, 11 Am. Rep. 751], a testator's will to the United States of his estate was considered inoperative as to the real estate on account of a statutory prohibition [N. Y. R. S., Pt. II, Ch. VI, Tit. I, Art. I, § 3, 2 Edmunds Ed. 1863, also 3 Banks & Brothers, 6th Ed. 1875], but operative as to the personal estate. Our search discloses no like prohibition respecting personal property. Id., Arts. II and III.

What we have said rules the case. However, we also mention, without discussion or passing upon the holding, that the trial court was of the opinion said Laws 1945, p. 1758, if additional authority were needed, was effective to authorize the Federal Soldiers' Home to accept the gift under Rosa Ruhland's will, for the reason said Home is a charitable institution and the rule is well settled that a court will not permit a bequest to such an institution to fail; citing: Missouri Historical Society v. Academy of Science, 94 Mo. 459, 466, 8 S. W. 346, 347; Harger v. Barrett, 319 Mo. 633, 642, 5 S. W. 2d 1100, 1104(9); Re Rahn's Estate, 316 Mo. 492, 510(III), 291 S. W. 120, 127 (5, 6), 130; § 9363; Lehnherr v. Feldman, 110 Kan. 115, 202 P. 624, 625, 627.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Bohling, C., is adopted as the opinion of the court. All the judges concur.