JOHN Q. HAYS, Appellant, v. J. T. CLAYPOOL, ET AL., Appellees.

**Parentage:** EVIDENCE: GENERAL REPUTE. Parol evidence that among the friends and acquaintances of the family the plaintiff, born out of wedlock, was generally reputed to be the son of defendant is admissible on the question of parentage, but not sufficient when standing alone to establish the ultimate fact of parentage.

**Judgments:** LOST RECORDS: PAROL PROOF. Conceding that a prior adjudication may be proven by parol, where the record has been

lost or is not available, to render such testimony competent it must appear in some legitimate manner that there was such a proceeding at some time and before some court, in which the question involved was considered if not adjudicated.

**Parentage: RECOGNITION: EVIDENCE.** To establish a parent's recognition of an illegitimate child it must appear that he openly acknowledged his parentage in conversation with friends and associates, whenever there was occasion to refer to the subject, although the recognition need not have been so universal as to be known to all. The evidence in the instant case is insufficient to show recognition.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

WEDNESDAY, MARCH 11, 1914.

ACTION for partition of real estate. The defendants contested plaintiff's title to any part or share in the property. Petition dismissed and plaintiff appeals.—*Affirmed.*

*J. M. Dower,* for appellant.

*Stapleton & Stapleton, W. E. Wallace, J. L. Swift,* and *Wade, Dutcher & Davis,* for appellees.

WEAVER, J.—Samuel L. Claypool died intestate in the year 1907, seized of the lands in question. At the time of his death he was a widower. The defendants are children and representatives of children of the said Samuel L. Claypool, and claim to be his only heirs, and therefore entitled to his entire estate. The plaintiff alleges that he is a son of said deceased, born out of wedlock. He further says that he was generally and notoriously recognized by the deceased as his son, and that the fact of such relation was judicially established in a proceeding before one Thompson, a justice of the peace, in Hardin county, Ohio, in the year 1850. It was the opinion of the trial court that the evidence was insufficient to sustain the plaintiff's claim, and the bill was ordered dismissed.

The appeal brings to our review issues of fact only. It is unnecessary, we think, to extend this opinion for any minute review of the testimony. The plaintiff is the son of one Isabel Hays, an unmarried woman, and was born in Hardin county, Ohio, in the year 1850. This action was begun in 1913, some sixty-three years after the plaintiff's birth, when, in the course of nature, most of those who could have spoken with some intelligent and reliable certainty of the circumstances concerning his parentage and childhood have passed away, and the testimony of the few who remain is of necessity clouded by the haze and uncertainty of fading memory.

Enough is developed, perhaps, to justify the conclusion that among the friends and acquaintances of the family Samuel L. Claypool was quite generally reputed to be the plaintiff's father. That this sort of indirect or hearsay evidence is admissible upon an issue of this nature is quite well established. *Van Horn v. Van Horn*, 107 Iowa, 247; *Alston v. Alston*, 114 Iowa, 29.

1. PARENTAGE: evidence: general repute.

But it is nowhere held that mere repute alone is sufficient to establish the ultimate fact of parentage, and, aside from this testimony, plaintiff presents very little competent proof of the truth of his claim. The claim of an adjudication, upon which much stress is laid in pleading and in argument, must be said to have wholly failed.

It may be conceded that, if the record be lost or not available proof of the proceedings, trial and judgment may be made by parol, but, to render such testimony competent, it must be shown in some legitimate manner that there was a proceeding of some kind, at some time, before some court, in which the question of the relation between the plaintiff and his alleged father was a matter of consideration, if not of adjudication. But of these facts there is in this record not a particle of testimony, except the vaguest kind of hearsay, rumor, and

2. JUDGMENTS: lost records: parol evidence.

gossip. The theory is that a proceeding of some kind was begun before a justice of the peace, charging Samuel Claypool with being the father of this illegitimate child, and, as a result of the case, Claypool paid Isabel Hays a sum of money, either to discharge a judgment or by way of compromise. But no person testifies to any such fact or facts. The justice of the peace is dead. His docket is not found or produced. No witness ever saw such a docket entry, or any writ, warrant, or process in such a case. No witness was present at the alleged hearing. Indeed, not a witness lays claim to personal knowledge of anything transpiring in or before such justice's court, or of any record of such proceeding, and it can hardly be argued with any seriousness that an issuable fact can be established by such evidence.

The evidence of recognition of plaintiff by Samuel L. Claypool is scarcely less lacking in persuasive force. But two witnesses testify to anything like a direct admission that plaintiff was his son, while two others testify to statements from which such admission may be inferred. The two witnesses first mentioned

3. PARENTAGE: recognition: evidence.

undertake to speak of transactions and conversations occurring many years before the date of the trial, and there is much in their testimony as a whole which leads the impartial reader to distrust the entire reliability of their memories. But, even if we accept the stories of all these witnesses as literally true, we are not prepared to say the court ought to have held the fact of general and notorious recognition sufficiently established. We have held that, to be such, the recognition need not have been so universal or so general and public as to be known to all. It need not be proclaimed from the housetops, but, "if in his intercourse with neighbors, associates, and friends he makes no attempt to conceal the relationship he bears to the child, but acknowledges it openly whenever any reference to the subject is made, and this recognition is so often repeated as to evidence his willingness that all who care

to know the truth may understand that he is the father of the child," it is sufficient. *Tout v. Woodin*, 157 Iowa, 518.

In the cited case there were some twenty distinct acts and statements of recognition, with many circumstances of a corroborating character, and we sustained the decree of the trial court establishing the right of the plaintiff to inherit. The case at bar falls far short of the measure of the rule quoted. Samuel L. Claypool lived fifty-seven years after the birth of plaintiff, and, if it be true that in his familiar intercourse with his neighbors, associates, and friends he made no attempt to conceal his alleged relationship with plaintiff, but repeated the recognition so frequently to different people as to evince a willingness that all who cared might know the truth of the matter, it is inconceivable that the diligence which we may assume has been exercised by plaintiff and his counsel in searching into the personal history of the alleged parent for this long period of more than half a century should have developed but four persons to whom any such declarations were ever made. So far as the record shows, this alleged father and son never visited each other, nor did any letter or any other communication or token of remembrance pass between them, though both lived to be old men, and, taking all the circumstances together, we are of the opinion that to hold that a "general and notorious" recognition has been established as required by Code, section 3385, would work a practical elimination of those words from the statute.

There is no occasion, we think, for a more protracted discussion of the testimony. If the conclusions we have announced are correct, and we see no way to escape them, the plaintiff must be held to have failed to make a case. He has labored under a serious handicap in having to seek his evidence largely from sources which the lapse of time have rendered unfruitful and uncertain, and his showing, even when aided

by the most liberal construction of the rules of evidence, is insufficient to justify the relief demanded.

The decree of the district court is therefore *Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concur.