IN RE ESTATE OF GEORGE F. WISE.

ROY SCHERMERHORN, Appellee, v. SARAH JANE SNELL et al., Appellants.

OCTOBER 23, 1928.

*Vander Ploeg, Hays & Heer*, for appellants.

*Johnson & Teter* and *M. R. Hammer, Jr.*, for appellee.

FAVILLE, J.—The decedent, George F. Wise, died intestate March 12, 1926. It is appellee's contention that he is the illegitimate son of decedent, and that the decedent recognized the paternity of the appellee.

The statute (Code of 1927, Section 12031) provides that illegitimate children "shall inherit from the father when the paternity is proven during his life, or they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing." It is the contention of the appellee that, during the lifetime of the said Wise, he was recognized by him as his child, and that such recognition was general and notorious, within the meaning of the statute.

The fact that the decedent was the father of the appellee is abundantly and satisfactorily established by the evidence. The decedent, George Wise, lived in the town of Harvey practically all of his life. Sometime about 1876, Wise and Mary

(called Polly) Redding were living in said town. Wise at that time was about 20 or 21 years of age, and Polly about 16. They kept company for some two or three years. As a consequence of their intimacy, the appellee was born, July 28, 1879. Shortly before the birth of the appellee, Wise left the state, and remained away until after Polly left Harvey. She testified to having received a letter from him, which, however, was destroyed. Sometime afterward, Polly married a man by the name of Schermerhorn, and they moved to the neighborhood of Harvey, where they continued to reside. Eight children were born to this marriage. The appellee took the name of Roy Schermerhorn, and has always been known by that name. He lived in the Schermerhorn family, and was in all respects treated as one of the members of said family. His mother put his name in the record in the family Bible. He did not know, until after the death of Wise, that the decedent was his father. The real question for our determination is whether or not there was such recognition of the paternity of the appellee as to satisfy the requirements of the statute as being general and notorious. We have read the entire record with great care.

A number of witnesses were produced in behalf of the appellee, who testified to repeated declarations by the decedent, acknowledging and recognizing the paternity of the appellee. Some of these witnesses were related to the appellee, but their credibility is not attacked, and their testimony impresses us as being entitled to credit. The witnesses in behalf of the appellee who testified in regard to the recognition of his paternity by the decedent were people to whom the decedent would be most likely to make acknowledgment and recognition. It is a matter of common knowledge that, in a case of this kind, recognition of paternity is not usually divulged to strangers, nor is it generally disclosed to groups or assemblages. The test is not whether the paternity has been ''proclaimed from the housetops,'' but rather, whether, on such occasions as would naturally arise, and with those to whom the recognition would naturally be made, the paternity was recognized and disclosed, and was not denied. There is evidence in the case tending to show that a complaint had been made by the mother before an official, at or about the time of the birth of the child, but the evidence in regard to this is very unsatisfactory. It does appear, however, that it was the

common and general report in the community that the decedent was the father of the appellee. While it is true that such neighborhood belief or expression of opinion, or what is sometimes and quite properly denominated "village gossip," is not controlling in a case of this kind, we have held that evidence in regard thereto is admissible. *Robertson v. Campbell*, 168 Iowa 47, 56; *Hays v. Claypool*, 164 Iowa 297; *Alston v. Alston*, 114 Iowa 29; *Van Horn v. Van Horn*, 107 Iowa 247. The negative testimony of witnesses for the appellant to the effect that they had not heard the decedent recognize the paternity of the appellee is not conclusive in a case of this character. Regarding the sufficiency of the proof of recognition, we have said, in *Tout v. Woodin*, 157 Iowa 518:

" * * * it is not required that the recognition should have been universal, or made known to all or to a majority of the community. *Van Horn v. Van Horn*, 107 Iowa 247; *Blair v. Howell*, 68 Iowa 619. It cannot be supposed that, in any case, a putative father, however sincere his purpose to recognize an illegitimate child, nor however frankly he may admit the relationship when there is occasion for him to speak of it at all, will make it the subject of voluntary rehearsal to every person whom he meets, or force the unpleasant subject into conversation with others. If, in his intercourse with neighbors, associates, and friends, he makes no attempt to conceal the relationship he bears to the child, but acknowledges it openly, whenever any reference to the subject is made, and this recognition is so often repeated to different people as to evince his willingness that all who care to know the truth may understand that he admits himself the father of the child, we regard it as sufficiently general for the purposes of the statutory rule, although many of his acquaintances may never have heard him mention the matter."

This rule has been recognized by us in subsequent cases. *Hays v. Claypool*, supra; *Robertson v. Campbell*, supra.

Owing to the long lapse of time since the birth of appellee, it is not surprising that a large number of witnesses could not be found to whom the decedent had admitted the paternity of appellee.

The cause was tried as a law action. A jury was waived.

The conclusion of the trial court has the force and effect of a verdict of a jury. There is evidence to sustain the finding of the trial court, and we are not disposed to interfere therewith.

The judgment must be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.