In the Matter of the Will of Rachel Hulse.

## IN THE MATTER OF THE WILL OF RACHEL HULSE.

1. **Will**: EXECUTION OF: PUBLICATION TO WITNESSES. It is not essential to the validity of a will that the character and purpose of the instrument should be stated to the witnesses by the testator.

*Appeal from Allamakee Circuit Court.*

SATURDAY, DECEMBER 13.

A WILL of deceased, dated April 28, 1877, was presented for probate, which was resisted, and another will dated October 26, 1877, was presented as the latest disposition of intestate's property. The cause was sent to a referee who found and so reported that the last will was invalid, for the reason that at the time of its execution the testate was not possessed of a sound mind. The will first executed was found by the referee to have been properly executed, and he recommended its admission to probate. The report of the referee was confirmed, and the will dated April 28, 1877, was admitted to probate. The party contesting this will appeals. No appeal was taken from the decision as to the will of date October 26, 1877.

*Dayton & Dayton,* for appellant.

*Stoneman & Chapin,* for appellee.

BECK, CH. J.—I. The referee found and reported the facts in regard to the execution of the will to be as follows. "The evidence was all directed to the question raised by contestant's objection that the will was not properly executed and published. From the evidence I find the facts to be that one or two days prior to the signing of said instrument, said Rachel Hulse requested one John S. Deremo to write her will, that in pursuance of said request said Deremo gave directions to his daughter, in the presence of said testatrix, to write the will in form as he should direct, that the testatrix then dictated the terms of the will as written down at the time by the daughter of said Deremo; that after

it was written it was read over to Mrs. Hulse, and she then expressed herself satisfied with it, and that it was in accordance with her wishes; that said Deremo took said will away with him, and returned with it a day or two afterward, when she again expressed a desire to execute it; that said Deremo went for the two witnesses, who were neighbors, and who went to the residence of Mrs. Hulse; that in their presence Mrs. Hulse was asked by said Deremo if she desired to have the paper read, that she said she did not as she knew what it was; that her name was then written to the instrument, and she took the pen in her hand, in the presence of the witnesses, and made her mark, and the witnesses then in her presence signed the will as witnesses; that the testatrix did not state to the witnesses, nor in their presence, that it was her will; that she did not request said witnesses to sign it; that it was not stated at the time of its execution by anybody that it was her will; that the witnesses understood at the time that it was her will, having been told so previously by Mr. Deremo; that the witnesses on the stand recognize the instrument offered as the one they had signed as witnesses; that the testatrix was an old lady between seventy and eighty years of age, and in feeble health, lying in bed at the time said will was executed."

The referee found as a conclusion of law, based upon the facts reported by him, that the will was properly executed and ought to be admitted to probate. The contestant filed exceptions to the conclusion of law reported by the referee, which were overruled. This ruling of the court and the decree admitting the will to probate are made the grounds of the only assignment of error in the case.

II. The appellant insists that the testator should *publish* the will, that is, "give the witnesses to understand what the instrument is, and that he knows the nature of the transaction in which he is engaged." The correctness of this position presents the only question discussed by counsel. We proceed to its consideration.

Code, section 2326, provides that a will to be valid must be in writing, witnessed by two competent witnesses, and signed by the testator, or by some person in his presence and by his

express direction. Under this statute must the testator make any declaration as to the character of the instrument and his knowledge of its nature for the information of the witnesses? This is the question before us.

The statute requires that the instrument shall be " witnessed " by two competent witnesses; this is the only requirement as to the attestation of the will. To witness, means " to see the execution of as an instrument, and subscribe it for the purpose of establishing its authenticity." This may be done without any declaration by the testator to the witnesses as to the character and purpose of the instrument, which amounts to what is called publication. We conclude that the language of the statute does not require publication of this character. Statutes similar in provisions, as the Statute of Frauds, 29 Car. II, ch. 3, which requires wills to be " attested and subscribed " by witnesses, have been construed by the courts not to require publication in the sense of the term as it is used by counsel in the discussion of this case. See 1 Redfield on Wills (Ed. 1869, Ch. VI, § 18, pp. 13, 14, 17, 20, 21 and 29; § 19 pp. 23 and 24; § 23, p. 9 and notes).

III.    Counsel for appellant cites *Lorieux v. Keller*, 5 Iowa, 196, insisting it holds that publication of the will in the presence of witnesses must be shown. The language of the decision upon which counsel rely hardly has the force and effect they give it. But certain it is, the question as to the necessity of publication in the presence of the witnesses was not in the case, and was not decided.

We conclude that the Circuit Court did not err in confirming the report of the referee, and in admitting the will to probate.

AFFIRMED.