James Scott *et al.*, Proponents, v. Sarah J. Hawk *et al.*, Contestants, Appellants.

**Wills.** A will executed by a mark is "signed" within the meaning of the law.

**Signature: MARK.** Where a testator signs by a mark it is not essential that his name be written by one of the subscribing witnesses.

**PUBLICATON:** *Subscribing witness.* A testator need not declare an instrument to be his last will and where subscribing witnesses to a will are dead or beyond the jurisdiction, proof of their hand writing is compliance with the law as to due execution; and it need not be proved that the testator read over the will before signing it or was informed of its contents.

**HARMLESS ERROR.** Error in admitting evidence for the purpose of establishing the execution of a will will not be reviewed on appeal where such execution was proved by other and competent evidence.

*Appeal from Keokuk District Court.*—Hon. D. Ryan, Judge.

Thursday, December 15, 1898.

WILL contest. The facts sufficiently appear in the same case reported in 105 Iowa, 467. After the evidence had been introduced, the court on motion of proponents, directed the jury to return a verdict for them. Contestants appeal.—*Affirmed*.

*C. M. Brown* and *D. D. Hill* for appellants.

*Hamilton & Donohue, Woodin & Son,* and *C. H. Mackey* for appellees.

LADD, J.—The closing part of the paper purporting to be the will of John Scott, deceased, is as follows:
"Witness my hand this 15th day of June, 1886.

his

"John X Scott."

mark.

On the same paper, below the signature, is this attestation:

"The foregoing instrument was at the date thereof subscribed by John Scott, in our presence, and in the presence of each other, and he at the same time declared the same to be his last will and testament, and by his request we sign our names thereto as witnesses thereof, both in his presence and in the presence of each other.

"D. L. Fidler.

"S. Harnd."

The subscribing witnesses died before the trial, but the genuineness of their signatures and the testamentary capacity of the decedent were established beyond controversy. As the testator was unable to write, he made his mark,—the cross. Is a will thus executed "signed," within the meaning of the law?

In Schouler Wills, section 303-306, it is said: "To write out one's own name in full is doubtless the safest course, as well as the most natural; for such compliance best indi-

cates a rational mind, free will, and physical power at the
date of execution. But, undoubtedly, the making of his mark
by the testator will satisfy the statute; and that, too, as vari-
ous cases rule, notwithstanding he was able to write at the
time. * * * If an illiterate but intelligent testator
makes cross strokes with his pen upon the paper, the act of
signature is his own; and so, too, where the hand of the
testator, who is physically unable to subscribe without assist-
ance, is guided by another. Wherever, in truth, the act is the
testator's own act, *animo testandi,* though with the assistance
of another, it is not necessary to prove any express request for
assistance on his part." This, we think, a correct statement
of the law, and fully sustained by the authorities. *Thompson
v. Thompson,* 49 Neb. 157 (68 N. W. Rep. 373); *Higgins v.
Carlton,* 28 Md. 115; *Guthrie v. Price,* 23 Ark. 396; *Flan-
nery's Will,* 24 Pa. St. 502; *In re Guilfoyle,* 96 Cal. 598 (31
Pac. Rep. 553); *Pool v. Buffum,* 3 Or. 438; *Jackson v. Jack-
son,* 39 N. Y. 159; *In re Jenkin's Will,* 43 Wis. 610; *Rook
v. Wilson,* 142 Ind. Sup. 24 (41 N. E. Rep. 311); *Bebelot v.
Lestrade,* 153 Ill. 625 (38 N. E. Rep. 1056); *Stephens v.
Stephens,* 129 Mo. Sup. 442 (31 S. W. Rep. 792); 2 Green-
leaf Evidence (7th ed.), 674; 29 Am. & Eng. Enc. Law, 168.

II. If the statute is complied with, nothing more in
the execution of a will is necessary. Thus, publication, as
such, is not required in this state. *In re Hulse's Will,* 52
Iowa, 662; *In re Convey's Will,* 52 Iowa, 199; nor
is it generally, except when made so by the statute.
As far back as *Bond v. Seawell,* 3 Burrows, 1775,
Lord Mansfield remarked: "It is not necessary that the tes-
tator should declare the instrument he executed to be his last
will." *Osborn v. Cook,* 11 Cush. 532. Indeed, it is not essen-
tial that the witnesses know the character of the instrument
the signature to which they attest. *Allen v. Griffin,* 69 Wis.
529 (35 N. W. Rep. 23); *Remsen v. Brinckerhoff,* 26 Wend.
324; *Dean v. Dean,* 27 Vt. 746; *Linton's Appeal,* 104 Pa.
St. 228; *Dickie v. Carter,* 42 Ill. 376; *Leverett's Heirs v.*

*Carlisle,* 19 Ala. 80; *Brown v. McAlister,* 34 Ind. 375; *Flood v. Pragroff,* 79 Ky. 607.

III.   In *Allison v. Allison,* 104 Iowa, 130, we held that, "where subscribing witnesses are dead or beyond the jurisdiction of the court, proof of their handwriting is a compliance with the law as to due execution." In that case the signature was written by another for the decedent. We discover no reason for a different rule when the will is signed by a mark. Such a distinction has not been made by the authorities, and certainly the recitals of the attestation should be given quite as much weight when the will is signed by a mark as when this is done by writing the name or having some one else do so. See *Jackson v. Van Dusen,* 5 Johns. 144; *Nickerson v. Buck,* 12 Cush, 342. The point is made that proponents did not prove the will to have been read over to the deceased before he signed it, or that he was informed of its contents. Whether the burden was upon the proponents to affirmatively show this, we need not now determine. But see notes in 29 Am. & Eng. Enc. Law, 244. In any event it was included in the execution of the will. As said in *Kirk v. Carr,* 54 Pa. St. 285: "The law allows the attesting signature to speak when the tongue is silent; and it attests that everything was rightly done, unless the act attested be impeached, not negatively merely, but positively." *Carpenter v. Denoon,* 29 Ohio St. 379.

It is suggested that John Scott's name was not written by one of the attesting witnesses. In some states this is required by statute (*Association v. Williams,* 19 Mo. 609; *Greenough v. Greenough,* 11 Pa. St. 489) ; but such is not the law of Iowa. Indeed, the writing of his name was not essential to the signing of the will, his mark alone being sufficient for that purpose. *Jackson v. Jackson,* 39 N. Y. 159; *In re Savory,* 15 Jur. 1042; *Thompson v. Thompson,* 49 Neb. 157 (68 N. W. Rep. 372) ; *In re Bryce,* 2 Curt. Ecc. 325; *Everhart v. Everhart,* 34 Fed. Rep. 85; 29 Am. & Eng. Enc. Law, 168. As the evidence referred to alone established the execution of the will, we need not

consider the alleged errors in admitting other evidence for
the same purpose.—AFFIRMED.