In the matter of the probate of the alleged Will of MAHALY SNELLBAKER; A. C. NIXON and ORITHA NIXON, Proponents, v. WILLIAM HENRY HARRISON SNELLBAKER, Contestant and Appellant.

**Wills:** EXECUTION: SUBSEQUENT DECLARATIONS OF TESTATOR. Where
1 the circumstances give rise to a presumption that a will was duly executed, subsequent declarations of the testator are competent for the purpose of showing that the signature of the testator was affixed to the instrument before those of the subscribing witnesses, notwithstanding the rule that parol evidence tending to vary or contradict the terms of a will is incompetent.

**Same:** EXECUTION: PRESUMPTION. Where a will was properly signed
2 by the testator and witnessed the conclusive presumption obtains that it was signed before it was witnessed, and no further proof of due execution is required by the statute. Nor is it necessary that the witnesses should see the testator sign or that he should state to them the character and purpose of the instrument.

*Appeal from Crawford District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, MAY 16, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*Conner & Lally* for appellant.

*Harding & Kahler* and *Geo. A. Richardson* and *S. M. Ellwood* for appellee.

SHERWIN, J.—There was offered for probate an instrument in writing purporting to be the last will and testament of Mahaly Snellbaker, executed June 4, 1890. The instrument was signed by said Mahaly Snellbaker and witnessed by W. A. McHenry and Mary S. McHenry, but without attestation clause. The probate of the instrument was contested on the ground that it was not legally executed. There was a trial to the court without a jury, and a judgment admitting the will to probate. The contestant appeals.

At the time of the execution of the will, the testator was a resident of Denison, Iowa, as were also the witnesses; W. A. McHenry being at that time in the banking business in Denison, and Mary S. McHenry being his wife and living with him there. It was proven that the body of the will was in the handwriting of Mahaly Snellbaker, and that it bore her signature. It was also proven that McHenry and his wife signed the will as witnesses. At the time of the trial, both of these witnesses were alive, but out of the state, and their depositions were used. They both testified that they signed the instrument, that they were acquainted with Mahaly Snellbaker during her lifetime and with her signature, and that her signature to the will was genuine. But beyond this neither witness had any recollection. They did not recollect signing the will themselves, nor did they recollect of testator's signing it.

The appellant's most serious complaint relates to the admission of declarations alleged to have been made by the testator several years after the execution of the will.

1. WILLS: execution: subsequent declarations of testator.
These declarations were, in effect, that she had herself written the will and signed it, and had then taken it to the home of W. A. McHenry, one of the witnesses thereto, and had him and his wife, Mary S. McHenry, sign it as witnesses. The decisions of the several courts are not in accord on the question of the admissibility of the declarations of the testator, whether made before or after the

execution of the will. It is a pretty general rule, however, that declarations which tend to vary or contradict the terms of a will are not competent because of the rule excluding parol evidence tending to contradict a writing, and for other reasons which we need not more specifically refer to. Declarations tending to show the state of the testator's mind, where such issue is involved, are quite generally held admissible. But no question is here involved except the one whether, under the circumstances shown, the declarations of the testator made long after the execution of the will are competent for the single purpose of showing that she signed the will, and that her signature thereto was afterwards witnessed by McHenry and his wife. This question was settled adversely to appellant's contention, but without discussion, in *Scott v. Hawk,* 105 Iowa, 467. In that case the subscribing witnesses were dead, and the declaration of the testator, made years after the execution of the will that it was his will, was held competent. That case and this one can not be distinguished on the ground that there the testator examined the instrument at the time he made the declaration. Here the will was written by the testator herself, and her signature thereto is undisputed, which makes at least as strong a case for the admission of the declarations. The rule thus announced is supported by the following authorities: 3 Wigmore on Evidence, section 1736, and cases there cited; *In re Kennedy's Will,* 167 N. Y. 163 (60 N. E. 442). See, also, on subject generally, note in 50 Am. St. Rep. 279. Where there is a presumption that a will was duly executed, evidence of testator's declarations is competent in aid of such presumption. Abbott's Trial Evidence, 124 While we are of the opinion that these declarations were admissible, we are also convinced that they were not necessary to prove the due execution of the will.

It being undisputed that the will was written and signed by the testator, and that it was signed as witnesses

by W. A. and Mary S. McHenry, the presumption is con-
clusive that the will was signed by the

**2. SAME:**
**execution:**
**presumption.**

testator before it was witnessed, and, such
being the fact, it was executed with all the
formality required by the statute. There need be no
attestation clause. *In re Hull's Will,* 117 Iowa, 738. It
is not necessary that witnesses should see the testator sub-
scribe the will. *In re Will of Convey,* 52 Iowa, 197. Nor
is it necessary that testator should state to the witnesses
the character and purpose of the instrument which he causes
them to witness. *In re Will of Hulse,* 52 Iowa, 662.
And "where the witnesses are all dead, or can not be had
because beyond the jurisdiction of the court, or being
present deny their signature, or do not remember, proof
of the handwriting of the witnesses and of the attestation
may be given." *In re Estate of Allison,* 104 Iowa, 130.
And such proof is competent, although the depositions of
the witnesses are in court. *In re Estate of Allison, supra.*
Where the will appears regular, the presumption arises
that it was duly attested, and that the testator signed the
instrument before either of the witnesses subscribed.
Schouler on Wills, sections 321, 322; Lawson on Pre-
sumptive Evidence, 82, and illustrations; *Eliot v. Eliot,*
10 Allen (Mass.) 359; *Ela v. Edwards,* 16 Gray (Mass)
96; *Carpenter v. Denoon,* 29 Ohio St. 391; *In re Fry's
Will,* 2 R. I. 88; 30 Am. & Eng. Enc. Law, 597; *Allen
v. Griffin,* 69 Wis. 529 (35 N. W. 21).

The facts in this case were determined by the court
in a law action, and the finding has the force of a verdict.
We think there was no error in admitting evidence, and
that the court was justified in finding that this will was
properly executed.

The judgment is therefore *affirmed.*