IN RE WILL OF WILHELMINE DROGE.

No. 41825.

JUNE 20, 1933.

Tinley & Tinley, Hans P. Nyholm, and Raymond J. Gibbons, for appellant.

Kimball, Peterson, Smith & Peterson, for appellees.

ANDERSON, J.—Wilhelmina Droge died September 10, 1931, leaving surviving her, six daughters and one son. She had executed the will in question on November 7, 1925, more than six years prior to her death. Mrs. Lillian Riaski, one of the daughters, is the only contestant. The record is silent as to the amount or value of the estate. The will bequeaths the estate to two of the deceased's daughters, Mrs. Marian Hagan and Kate Rogers, and provides for the appointment of the son, Henry Droge, as executor. It appears that Henry Droge, the son of the decedent and brother of the contestant, went to the office of Henry K. Peterson, an attorney in Council Bluffs, on November 7, 1925, at the request of his mother, the decedent, and requested the attorney to prepare the will in controversy. He later procured the will from Mr. Peterson, drove to the home of his mother and brought her to his place of business in Council Bluffs, where the will was signed by the testatrix and two witnesses, D. W. Thayer and Harve Justice. One of the witnesses to the will, D. W. Thayer, died about five years before the will was offered for probate. At the time the will was executed, Mr. Thayer was operating an elevator in Council Bluffs for Henry Droge, and it was in the office of this elevator that the will was executed. Mr. Thayer was present in the office when Mrs. Droge signed the will, and he signed it at that time as a witness. The other witness, Mr. Justice, was in an elevator immediately across the street and about 100 feet from the office of Mr. Thayer. After the will was signed by the testatrix and the witness, Mr. Thayer, the son, Henry, called to Mr. Justice and when he came up to where Mrs. Droge and Mr. Thayer were, Henry told him that was his mother's will and she wanted him to sign it. This was in the presence of the testatrix and Mr. Thayer, and at that time Mr. Justice signed the will as a witness, in the presence of the testator and Mr. Thayer. Henry Droge testified that he saw Mr. Thayer sign the will as a witness, and, also, that he saw each of the parties sign the will at that time. This witness also testified that he

read the will to his mother, the testatrix, exactly as it now appears, and that she could hear and understand English.

Harve Justice, who signed the will as a witness, testified that he had known Mrs. Droge for about two years; that on November 7, 1925, he spoke to her as she was sitting in an automobile in front of Henry Droge's office; that Henry had called to him and said he wanted him to sign his mother's will, and that he went over and signed it; that he did not see Mrs. Droge, nor the other witness sign the will, but that he knew that the signature of the other witness to the will was that of D. W. Thayer. Mrs. Droge was sitting in the automobile about 6 feet away from the door of the office and window of the office and both the door and the window were open and Mrs. Droge could have seen him sign the will. "I do not know whether she looked that way or not. The signatures on the will when I signed it looked as though they had been freshly written. When Henry called me, he said, 'Mother's will is here and she wants you to act as a witness'." This witness in answer to interrogatories propounded by the court, further testified as follows:

"Q. Did she see you sign it? A. She sat right in the car, looked in there.

"Q. Did you say she looked at you when you signed it? A. Yes, sir.

"Q. How do you know she could see you? You were in the office and she on the porch. A. The window was open.

"Q. The window of the car? A. Yes, sir, and the office.

"Q. It is practically all glass, and windows were open? A. Yes, sir.

"Q. The car was just outside the window? A. Yes, sir.

"Q. Between you and this little table you signed the will on, was just this scale beam? A. Yes, sir.

"Q. And that was the only thing between you and her? A. Yes.

"Q. Nothing to obstruct your view in seeing her, and she seeing you? A. No.

"Q. The car door was open and the windows in the building were open, and you signed right there in her presence? A. Yes, sir.

"Q. What, if anything, did Henry say after you came over there, in your presence? A. He said he wanted me to sign his mother's will."

Mrs. Droge's hearing was good and she could understand ordinary conversation.

At the close of the testimony, disclosing the foregoing recited facts, the parties stipulated in open court that the jury be discharged, and that the question be submitted to the court as to whether or not the proof was sufficient to show that the will was duly executed. Accordingly the jury was discharged and later the court made a finding that the instrument in question was executed by the testatrix as her last will and testament on the date thereof, in the presence of Harve Justice and D. W. Thayer, and that said parties subscribed to the same as witnesses in the presence and at the request of the testatrix, and in the presence of each other; and that the testatrix was of sound and disposing mind and memory. And the court made an order admitting the will to probate, and appointing Henry F. Droge, as executor thereof. From such finding and order this appeal is prosecuted.

The appellant contends that the testatrix did not sign the will in the presence of the subscribing witnesses or acknowledge her signature thereto; and that the said witnesses did not sign at the request of the testatrix, and by reason of such facts the will was not shown to have been duly executed, and the court erred in admitting it to probate.

It is true, as contended by appellant, that a will to be valid must be shown to have been executed with all of the requirements of the statute. That is, the will must be signed by the testatrix in the presence of the subscribing witnesses, or the testatrix must acknowledge her signature to them; and that it must have been signed by the subscribing witnesses at the request of the testatrix. That a will must be shown to have been executed in accordance with the requirements of law is too elementary to require argument or citation of authorities. The question we have here is as to whether the record discloses that the will in question was executed in compliance with the requirements of our statute; and the determination of this question involves the construction to be put upon the facts and circumstances surrounding and attending the execution of the will in question. Mrs. Droge, the testatrix, signed the will in the presence of one of the subscribing witnesses, Mr. Thayer. Mr. Thayer signed as a witness in the presence of the testatrix. The other witness, Mr. Justice, signed in the presence of the testatrix and Mr. Thayer. The declaration that the instrument thus signed was

the will of Mrs. Droge, was made by her son, Henry, but such declaration was made in the presence and hearing of the testatrix and of the subscribing witnesses. The request that the witnesses sign the will was also made by the son, Henry, but in the presence and hearing of the testatrix and the subscribing witnesses. It is not necessary that the testatrix make this declaration and request personally.

It has been held, under similar circumstances, that the testatrix may be held to acquiesce in the statement that the instrument is her will and in the request to the witnesses to sign it, where such statement and request is made in her presence, and she knows that the witnesses are signing in response to such request and makes no objection thereto. Her silence is a sufficient indication that the declaration and request are made with her authority. In re Hull's Will, 117 Iowa 738, 89 N. W. 979, 981; Bates v. Officer, 70 Iowa 343, 30 N. W. 608; In re Hulse's Will, 52 Iowa 662, 3 N. W. 734; In re Nelson's Will, 141 N. Y. 152, 36 N. E. 3; Harp v. Parr, 168 Ill. 459, 48 N. E. 113; Bundy v. McKnight, 48 Ind. 502; Nixon v. Snellbaker, 155 Iowa 390, 136 N. W. 223; In re Estate of Allison, 104 Iowa 130, 73 N. W. 489; In re Will of Lawrence Convey, 52 Iowa 197, 2 N. W. 1084.

In re Hull's Will, supra, we said:

"It seems to be sufficient that in the presence of the testator and at his request a third person asked the witnesses to attest the execution of the will, and that such request is, in the presence of the witnesses, approved of by some sign or act on the part of the testator, and that the witnesses, with the knowledge of the testator, and in response to such request, sign their names. * * * Indeed it is settled that not even an act or motion indicating acquiescence by the testator in the request to the witnesses is necessary, where it is made in his presence, and he knows that the witnesses are signing in response to such request, and makes no objection. Under such circumstances his silence is a sufficient indication that the request is by his authority."

And in that case we reviewed quite extensively the authorities, generally, bearing upon this question. This case was cited with approval, in In re Estate of Burcham, 211 Iowa 1395, 235 N. W. 764.

We see no reason for departing from the rule announced in the last-cited case. The facts in the case at bar are fairly within that rule.

The case at bar was tried to the court, a jury being waived,

and under familiar rules the finding of the court in a law case upon disputed questions of fact has the same force and effect as a verdict of a jury. Farmers State Bank v. Fisher, 204 Iowa 1049, 216 N. W. 709; Crail v. Jones, 206 Iowa 761, 221 N. W. 467; In re Wise's Estate, 206 Iowa 939, 221 N. W. 567.

We are constrained to hold that the findings of the trial court have sufficient support in the record, and that the court did not err in admitting the will to probate. Affirmance necessarily follows.— Affirmed.

KINDIG, C. J., and ALBERT, KINTZINGER, MITCHELL, and STEVENS, JJ., concur.