In re Will of Frances Rule Pike.

No. 42933.

June 19, 1936.

Sutton & Sutton, for appellant.

H. I. Smith, for appellee.

Richards, J.—In this cause an instrument, purporting to be the last will and testament of Frances Rule Pike, was offered for probate. Contestant claimed that the instrument had not been properly signed, executed, published, and witnessed as a will. The district court found that the instrument was never executed or witnessed as required by law and refused its admission to probate. Proponent has appealed.

Section 11852, 1931 Code, is determinative of the issue involved and is in the following words:

"11852. Formal execution. All other wills, to be valid, must be in writing, signed by the testator, or by some person in his presence and by his express direction writing his name thereto, and witnessed by two competent persons."

Although the instrument bears signatures of two purported witnesses, contestant claims the instrument was not "witnessed by" one of these witnesses, Miss Helen M. Billings, in the manner contemplated by the foregoing statute. To sustain such claim contestant relies on the following facts in the record: Decedent had asked Miss Billings whether she would be a wit-

ness to her will; that decedent did not have with her nor exhibit any instrument purporting to be a will at the time of this conversation; about two weeks thereafter a Miss Rule brought to the schoolhouse where she and Miss Billings were teachers the instrument involved in this controversy; Miss Rule asked Miss Billings whether she would sign it; Miss Billings having never previously seen the instrument signed her name as a witness where it now appears on the instrument and handed it back to Miss Rule; this all occurred in the office of Miss Rule at the schoolhouse; decedent was not present during any part of this transaction; about a month later decedent thanked Miss Billings for having signed the instrument; decedent at no time exhibited the instrument to Miss Billings, nor had it with her at the time of either of the conversations between the decedent and Miss Billings; prior to decedent's death Miss Billings had seen the instrument but once, that is, at the time she signed her name at the school house.

Whether Miss Billings witnessed this will as required by the statute above quoted depends, of course, upon the meaning of the provision therein that all wills (with certain exceptions not material to these issues) must be witnessed by two competent persons. One essential element of such witnessing is the subscribing by the witnesses of their names. Such subscribed names become a part of the writing. The subscribing witnesses become witnesses from the time they thus sign. They testify from that moment, though they should be deceased before the instrument is offered for probate. If they have witnessed the instrument in the legal sense of the word "witnessing", then their such testifying is that when they subscribed their names they perceived and knew that those things existed or were done which the statute requires must exist or be done to make the written instrument, in law, the will of the decedent. In re Boyeus' Will, 23 Iowa 354; Nunn v. Ehlert, 218 Mass. 471, 106 N. E. 163, L. R. A. 1915B, 87. While formally, by subscribing, Miss Billings purports to attest that she had perceived and knew the existence and doing of all such statutory requirements, yet the uncontroverted fact is that she at no time perceived or knew that there had been a signing of this instrument by decedent. Such signing is a statutory essential to make the instrument the will of decedent. Miss Billings had neither seen the instrument signed, nor had testatrix shown and adopted her signature in the

presence of the witness, nor indeed could the witness even identify the instrument as having been seen in the possession or presence of the decedent. There seems no avoidance of the conclusion that, excepting in form, the will was not "witnessed" by Miss Billings, because she was clearly without knowledge of any signing by decedent, the attesting of such signing being an indispensable and essential part of an effective "witnessing". She could not by her signature attest a fact not within her knowledge any more than she could as a witness examined in open court.

We have not been favored with any brief on part of appellee, and deem it not necessary to consider the fact that Miss Billings admittedly did not subscribe the instrument in the presence of the decedent.—Affirmed.

DONEGAN, C. J., and PARSONS, HAMILTON, KINTZINGER, ANDERSON, ALBERT, STIGER, and MITCHELL, JJ., concur.