IN RE ESTATE OF OLE OLSON.

MRS. PEARL McBRIDE, Appellee; RAY SEAMAN, Appellant.

No. 47306.

(Reported in 34 N. W. 2d 207)

1150

Jaqua & Lovrien, of Humboldt, for contestant-appellant.

Melvin L. Baker and John E. Miller, both of Humboldt, for proponent-appellee.

HALE, J.—Ole Olson, a single man, on July 10, 1941 executed his will providing that after payment of debts, his niece, Pearl McBride, proponent herein, should be his sole legatee and devisee, and expressly making no provision for his nephew, Ray Seaman, "for reasons which I consider good and sufficient." The will appointed Pearl McBride executrix without bond, with an alternative nominee for executor if for any reason necessary. The will was duly signed with an attesting clause as follows:

"BE IT REMEMBERED That on this 10 day of July, 1941, the foregoing instrument was signed in our presence by Ole Olson, and by him declared to be his Last Will and Testament, and we at his request and in his presence and in the presence of each other have hereunto set our hands as witnesses thereto.

(Signed)    Henry C. Olson
Harold Lees."

On the death of testator the will was filed on August 6, 1947.

On August 26, 1947 objections to probate were filed by Ray Seaman, the reasons for which objections being stated as follows:

"That the alleged will was not properly executed in accordance with the laws of Iowa and is not a valid will. That the alleged will was not properly witnessed by two competent persons as required by section 633.7 of the Code of Iowa (1946). That the signature of the testator was not properly attested by the alleged subscribing witnesses to the purported will and that they did not sign the same with his knowledge, intent and approval. That there is attached hereto and made a part hereof

the affidavit of Harold Lees, one of the alleged subscribing witnesses to the purported will, who states that he has no knowledge of any will of Ole Olson and that he never witnessed or signed such an instrument.

"Wherefore, this contestant asks that the petition of the proponent be dismissed as proponent's cost and that said instrument be adjudged not to be the Will of Ole Olson, deceased and that the probate of the pretended will be denied.

(Signed)  Ray Seaman, contestant."

The affidavit of Harold Lees, referred to in the objections, was as follows:

"I, Harold Lees, being first duly sworn devise and say that I understand that I am one of the purported witnesses to the will of Ole Olson, deceased.

"I further state that I have never witnessed any will for Ole Olson. That no such will was ever presented to me for my signature and that I have no knowledge of the existence of any such will.

"I further state that I have no knowledge of the signing of any will of Ole Olson in the presence of Henry C. Olson and that I did not see him sign any instrument which was a purported will of Ole Olson." Verified August 28, 1947.

Jury being waived, trial was had, and on January 26, 1948 there was a finding for proponent, and judgment was entered admitting the will to probate. Contestant appeals.

The contestant does not at any time question the genuineness of testator's signature to the will, or that the instrument was intended by him to be his will, but charges that the will was not properly witnessed. The court in its written findings of fact found that the will had been duly executed and witnessed. The subscribing witness Harold Lees, infirm in body and eighty and a half years old, called as a witness by contestant denied his signature, but said his name on the will looked pretty much like it, that it was a pretty good imitation. He also stated he had never seen the will before.

Proof of execution of the will was made by the other subscribing witness Henry C. Olson (no relation to testator). He

could not remember whether Lees was present at the time the will was executed or whether Lees signed in his (the witness') presence. However, this witness certified that he was familiar with the signature of Lees, and in his opinion the name on the will was the genuine signature of Harold Lees. There was testimony of other witnesses, based on acquaintance with the signature of Lees, that in the opinion of such witnesses the signature on the will was that of Harold Lees. Various exhibits of signatures purporting to be the true signature of Lees were admitted in evidence; some without objections, and others were his official signature as assessor.

I. Numerous errors are assigned by contestant, some of much the same nature, but his main objections are as to the witnessing of the will and certain objections to the admission of testimony. Contestant first argues that the witness to the will, Harold Lees, was not produced by the proponent, nor was there any showing that he was dead or beyond the jurisdiction of the court. He alleges that this is required by the laws of Iowa. ·The authorities cited by contestant do not so hold. Death or absence from the jurisdiction, it is true, are excuses for failure to produce a witness, but are not the only ones. Section 633.7, Code of 1946, prescribes the method of proof of a will. But also, section 622.24, Code of 1946, provides that when a subscribing witness denies or does not recollect the execution of the instrument to which his name is subscribed as such witness, its execution may be proved by other evidence. In 68 C. J., Wills, section 770, it is stated:

"It is proper to admit competent evidence to prove the handwriting and genuineness of the signature of the testator as well as that of an attesting witness where the latter is dead or unavailable, has forgotten the occurrence of the execution of the will, or is unable, because of failing sight, to identify his handwriting."

See, also, 57 Am. Jur., Wills, section 906.

This is the rule in Iowa, and so stated in In re Estate of Allison, 104 Iowa 130, 73 N. W. 489; Nixon v. Snellbaker, 155 Iowa 390, 136 N. W. 223. In both these cases it is stated that

when the witnesses deny their signatures or do not remember, proof of handwriting is admissible.

■ II. As a part of the same objection contestant argues that Harold Lees was not produced as a witness by the proponent. Since his denial was not only before the court but was a part of the record, we cannot see that under the circumstances there was any necessity or any reason for his production by proponent. As a matter of fact, he was a witness and so far as reasons are concerned it could make no difference who produced him. His denial being a part of the record, a part of contestant's pleading and evidence, there was no occasion for its introduction in evidence by proponent. See Leo v. Leo, 239 Iowa 873, 32 N. W. 2d 777; Shipley v. Reasoner, 87 Iowa 555, 54 N. W. 470; Wilson v. Oxborrow, 220 Iowa 1135, 264 N. W. 1; Slater v. Roche, 148 Iowa 413, 126 N. W. 925, 28 L. R. A., N. S., 702; Haaren v. Mould, 144 Iowa 296, 122 N. W. 921, 24 L. R. A., N. S., 404.

■ III. We can see no objection to the introduction in evidence of the instrument purporting to be the last will of Ole Olson. Its validity as a will was the very subject of inquiry. There was evidence as to its due execution, and there was an attesting clause in connection with the will, which at least raises a presumption as to its regularity. See Frank v. Berry, 128 Iowa 223, 103 N. W. 358; Ayrhart v. Wilhelmy, 135 Iowa 290, 112 N. W. 782.

■ IV. We are satisfied also that the court correctly ruled in admitting in evidence the documents entitled Exhibits D to H, inclusive, as standards of comparison. These exhibits were the assessment rolls from the records of the auditor of Humboldt county, whereon the name of Harold Lees appears as assessor, and identification of these exhibits was waived by the contestant. Three bankers, qualified to testify, compared the signatures on these public records and the signature of Lees on the will. See In re Estate of Early, 234 Iowa 570, 13 N. W. 2d 328; 63 L. R. A. 435, note.

■ V. The subscribing witness Henry C. Olson was asked by the contestant on cross-examination if he had acted as a witness on any other wills on that day. An objection by proponent was sustained, and such ruling is assigned as error.

This offered evidence had no bearing on the matters testified to by the witness on direct examination. It pertained to no fact or circumstance connected with the matter stated in direct examination. See Eno v. Adair County Mut. Ins. Assn., 229 Iowa 249, 294 N. W. 323. The extent of cross-examination is largely within the discretion of the trial court. The cross-examination in this case did not relate to a material matter about which the witness had testified. The court was not in error.

VI. As to the objections by contestant to the testimony of C. W. Garfield, the attorney who drew the will: These objections were based on what is commonly known as the dead man statute, and the confidential relation statute. We see no violation of the rule as to either. The former statute, section 622.4, Code of 1946, relates only to transactions or communications between the deceased person and a witness who is interested in the event of the action or proceeding, or is a party to the proceeding. The witness did not have any disqualifying relationship within the rule of the Code section. He was the scrivener who drew the will. See In re Estate of Iwers, 225 Iowa 389, 280 N. W. 579; Mollison v. Rittgers, 140 Iowa 365, 118 N. W. 512, 29 L. R. A., N. S., 1179.

VII. The objection to the testimony of Mr. Garfield under Code section 622.10 (the confidential relations statute) is also not well taken. The will was not executed in the attorney's office but was drawn there and mailed to the testator at his home, with oral directions as to the manner of execution. The testimony of the witness was not barred. See Stoddard v. Kendall, 140 Iowa 688, 119 N. W. 138; Mueller v. Batcheler, 131 Iowa 650, 109 N. W. 186; Ross v. Ross, 140 Iowa 51, 117 N. W. 1105; Ball v. James, 176 Iowa 647, 158 N. W. 684; Denning v. Butcher, 91 Iowa 425, 59 N. W. 69.

VIII. We have heretofore referred to the attestation clause and its effect. Such a clause, reciting the observance of statutory requirements as to the execution of the will, raises a presumption of the due execution of such will, if proof is made of the genuineness of the signatures of the witnesses and testator. This is the general rule and so held in Iowa. See Hull v. Hull, 117 Iowa 738, 89 N. W. 979; Scott v. Hawk, 107 Iowa 723, 77 N. W. 467, 70 Am. St. Rep. 228. And even

where there is no attestation clause, the same presumption arises. It is so held, among other authorities, in Nixon v. Snellbaker, supra, a case which presents some of the same features as the case at bar. Also, the rule is that every presumption will be indulged in favor of the due execution of a will. In re Estate of Early, Scott v. Hawk, and Denning v. Butcher, all supra.

While the burden of proof to establish the execution of the will is upon the proponent, we think, as the court held, that the proponent in this case established a prima facie case, which was sufficient to submit the fact questions to a jury— in this case, the court, as the trier of facts. The weight of the testimony, including the fact of the due execution, was for the court, and we are not disposed to question its findings.

Cases cited by contestant are not persuasive under the facts in this case, as In re Estate of Harter, 229 Iowa 238, 294 N. W. 357; Burgan v. Kinnick, 225 Iowa 804, 281 N. W. 734; In re Will of Pike, 221 Iowa 1102, 267 N. W. 680, in which, as in other cases cited, there was positive evidence of a failure to comply with legal requirements. In the present case there was testimony and the presumption referred to. We think also the court properly weighed and estimated the value of the testimony of Lees.

The proponent, in argument, made reference to the rules applicable in this case as set out in 57 Am. Jur. 576, 577, 599, and 600, which are unnecessary to quote. The principles to which we have adverted are set out therein at length, and, in substance, are held by the authorities and rules herein cited.

We are satisfied that the ruling of the district court admitting the will to probate was correct, and the case should be and is affirmed.—Affirmed.

SMITH, C. J., and OLIVER, BLISS, WENNERSTRUM, MANTZ, MULRONEY, and HAYS, JJ., concur.

GARFIELD, J., takes no part.