In re Estate of William F. Hagemeier.

George Evans, appellant, v. Minnie Kelley, appellee.

No. 48262.

(Reported in 58 N.W.2d 1)

APRIL 8, 1953.

John N. Calhoun and William S. Cahill, both of Burlington, for appellant.

Dailey & Dailey, of Burlington, for appellee.

WENNERSTRUM, J.—This appeal has developed by reason of an offer for probate of the claimed last will and testament of William F. Hagemeier. It was maintained by the objector to this will that it had not been properly witnessed. The interested parties waived trial by a jury and the matters in controversy were submitted to the trial court. It held. that the purported will had not been witnessed by two competent persons in the manner as required by statute and was not entitled to be admitted to probate. The proponent has appealed.

William F. Hagemeier owned and operated a tavern in Burlington, Iowa, where he resided prior to his death. Sometime during September of 1949 he had an attorney in Burlington prepare a will for him. The attorney gave the will to Mr. Hagemeier who had stated that he would get his own witnesses to the execution of it. According to Ralph Peterson, one of the witnesses to the purported will, Mr. Hagemeier laid a paper on the back portion of the bar in his tavern and covered it up with another piece of paper so that all that was visible were two lines for the signature of the witnesses. C. L. Weber, the other witness to the will offered for probate, signed the paper

on the line above where Ralph Peterson had signed. There is unquestioned evidence that the signature on the purported will was the signature of William F. Hagemeier and there is no controversy as to the signatures of the claimed attesting witnesses.

Ralph E. Peterson testified that his signed name on the purported will was his own signature; that Mr. Hagemeier asked him to sign it; that he did not see Mr. Hagemeier sign the instrument; that Mr. Weber was there; that it was signed in the tavern on Jefferson Street; that the witness, Weber and Mr. Hagemeier were all there at the same time but that he was busy tending bar; that Mr. Hagemeier told him that it was his last will and testament; that the paper he signed was covered up. On cross-examination Peterson further testified that he did not see where Mr. Hagemeier had signed the will; that he did not know whether Mr. Hagemeier's signature was there or not when he signed it as a witness; that he is sure he never saw Mr. Hagemeier's signature on the will; that Mr. Hagemeier did not say anything about having signed the paper; that Hagemeier did not show him his signature and that he, Hagemeier, did not sign this paper in front of him. He further testified that he did not see Mr. Weber sign his name to the paper.

C. L. Weber testified that the exhibit presented to him showed his signature; that he does not think the other witness was in the building and he did not sign it to his knowledge; that he did not see him (Peterson) sign it; *that he did see Hagemeier sign it in his presence;* that he does not know whether the signature shown was that of Mr. Hagemeier's handwriting but *as far as he can recall he saw Mr. Hagemeier sign it; that he does not recall that Mr. Hagemeier signed it in front of him;* that he does not know whether Mr. Hagemeier told him that it was his will and the witness signed it; that he does not recall who else was there, as he was a stranger; that Mr. Peterson might have been there and signed it but that he would not swear to it because he did not know a person by that name. On cross-examination Weber testified that he, Mr. Peterson and Mr. Hagemeier were not present at the same time. He further testified: *"Q. So you didn't see Mr. Hagemeier sign it? A. I did not, sir. Q. Isn't it also true that he didn't show you where he had signed it? A. No, sir; he didn't draw my attention to*

*it. Q. He didn't? A. No, sir.*" (Italics supplied.) This witness further testified that he did not see anyone sign the paper but himself; that he did not see Mr. Hagemeier sign it; that Mr. Hagemeier did not draw his attention to where he had signed it; that Mr. Hagemeier must have either signed it before or after he, Weber, signed it; that Mr. Hagemeier never said it was his signature and that he never saw him sign it.

Section 633.7, 1950 Code, which sets forth the legal requirements of a will such as is here under consideration is as follows: "All other wills, to be valid, must be in writing, signed by the testator, or by some person in his presence and by his express direction writing his name thereto, and witnessed by two competent persons."

I. A will that is eligible for admission to probate must be shown to have been executed in conformity with the provisions of the statute. Section 633.7, 1950 Code. In re Will of Droge, 216 Iowa 331, 334, 249 N.W. 209; In re Will of Pike, 221 Iowa 1102, 1103, 267 N.W. 680.

II. A testator must sign his will in the presence of the subscribing witnesses or he must acknowledge that the signature exhibited is his own. In re Will of Convey, 52 Iowa 197, 2 N.W. 1084; In re Will of Droge, supra; In re Estate of Wood, 213 Iowa 254, 261, 237 N.W. 237; In re Estate of McElderry, 217 Iowa 268, 272, 251 N.W. 610; In re Estate of Harter, 229 Iowa 238, 247, 294 N.W. 357; In re Estate of Klein, 241 Iowa 1103, 1108, 42 N.W.2d 593.

III. A will must be signed by two competent witnesses at the request of the testator. Section 633.7, 1950 Code. In re Will of Boyeus, 23 Iowa 354; Hull v. Hull, 117 Iowa 738, 742, 89 N.W. 979; Burgan v. Kinnick, 225 Iowa 804, 807, 281 N.W. 734. A request may be implied from the acts of the testator or from the surrounding circumstances. In re Estate of Klein, supra, and cases cited.

IV. It is not necessary that testator declare to the subscribing witnesses that the instrument to which they have attached their names as witnesses is his will. In re Will of Hulse, 52 Iowa 662, 3 N.W. 734; Scott v. Hawk, 107 Iowa 723, 77 N.W. 467, 70 Am. St. Rep. 228; Nixon v. Snellbaker, 155 Iowa 390,

136 N.W. 223; In re Estate of Wood, In re Estate of Harter and In re Estate of Klein, all supra.

From a review of the foregoing authorities and their application to the evidence presented, it is apparent that the trial court was justified in holding that Hagemeier did not sign the will in the presence of the claimed witnesses to his signature or exhibit his signature to them and acknowledge it to be his own. The trial court properly held that the will was not " 'witnessed by two' competent persons' as required by statute and is not entitled to be. admitted to probate * * *."

V. Inasmuch as this cause was tried to the court, a jury having been waived, its findings and conclusions have the force and effect of a jury verdict. In re Will of Droge, supra, at pages 335, 336, Volume 216 of the Iowa Reports; Nixon v. Snellbaker, supra, at page 393, Volume 155 of the Iowa Reports; In re Estate of Wise, 206 Iowa 939, 941, 942, 221 N.W. 567; In re Estate of Conner, 240 Iowa 479, 487, 36 N.W.2d 833. The type of action here considered is one at law and is not triable de novo on appeal. In re Estate of Mathews, 234 Iowa 188, 192, 12 N.W.2d 162; In re Estate of Wulf, 242 Iowa 1012, 1015, 48 N.W.2d 890. In Cunningham v. Iowa-Illinois Gas & Electric Co., 243 Iowa 1377, 1382, 55 N.W.2d 552, 555, we held that as an appellate court we are not in a position to question the trial court's determination of a fact question where a jury had been waived any more than we could question the findings of a jury if the same question had been submitted to it.

VI. The appellant-proponent maintains that inasmuch as there was an attestation clause which recited the observance of the statutory requirements concerning the execution of a will, a presumption is raised of the due execution of it. He cites In re Estate of Olson, 239 Iowa 1149, 1154, 34 N.W.2d 207. However, a presumption is rebutted when facts to the contrary are established. 20 Am. Jur., Evidence, section 160, page 164; Dyson v. Dyson, 237 Iowa 1285, 1288, 25 N.W.2d 259. In the instant case we are convinced that although there was some contradictory evidence concerning the execution of the claimed will the evidence presented was such as to justifiably overcome any presumption relative to the proper execution of the will and per-

mit the trial court, sitting as a jury, to determine the fact question presented unrestricted by a presumption.

█ It is our conclusion that the trial court was correct in its decision and we consequently affirm.—Affirmed.

All JUSTICES concur.