In the Matter of the ESTATE OF Jacob Eugene BEARBOWER, Deceased.

William BEARBOWER, Harold E. Bearbower, Albert Bearbower, and Beverly Anderson, Appellants,

v.

Leona Blanche BEARBOWER and Earl E. Bearbower, Appellees.

No. 87–875.

Supreme Court of Iowa.

July 20, 1988.

Morris L. Eckhart of Milroy and Eckhart, Vinton, for appellants.

George E. Wright of Napier, Wright & Wolfe, Fort Madison, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

This appeal arises from a will contest suit brought by seventeen heirs of Jacob Eugene Bearbower. The trial court sitting without a jury found that Bearbower's will was valid. Plaintiffs in this action, four of the original plaintiffs, raise three issues on appeal: 1) whether the trial court abused its discretion in overruling plaintiffs' motion to amend which sought to add a fourth count to the original petition; 2) whether the court erred in finding decedent's will and subsequent codicil were properly executed; and 3) whether the court committed reversible error in its ruling by failing to separately state its findings of fact and conclusions of law. Finding no reversible error, we affirm.

I. *Background facts and proceedings.* Decedent's last will was executed on December 12, 1975, at the nursing home where he resided. The relevant bequests in his will gave a 45 acre farm home and all of his household goods to Leona Blanche Bearbower, the wife of the decedent's nephew Earl. The residue was divided in equal parts among Earl, Merle, William and Harold Bearbower, decedent's neph-ews. A friend of decedent was named as executor.

The will document was prepared by decedent's attorney after a conference with Jacob at the lawyer's office. The will later was taken to the nursing home by Earl and Leona Bearbower. Jacob signed the will there in the presence of two witnesses. One witness was a friend of the decedent who also resided at the nursing home, and the other, Janice Springer, was a nurse working at the home. Decedent's friend died before this case came to trial so the only disinterested testimony presented concerning the execution of the will was that of Springer.

A "First Codicil to Last Will and Testament" was drafted on March 10, 1978. The codicil named Earl as executor of the will to replace the executor named in the will executed in 1975, and republished all other parts of the will. The codicil was also prepared by decedent's attorney, and Jacob signed it in the lawyer's office in the presence of his attorney and his attorney's secretary, Sherry McGill, both of whom signed as witnesses.

Upon Jacob's death, this action was brought to set aside the 1975 will and 1978 codicil. Additional facts are added in this opinion where needed.

An action to contest a will is tried as an action at law and demand for a jury trial is applicable. Iowa Code § 633.311. On this appeal, we review for correction of errors at law. Iowa R.App.P. 4. The trial court's findings of fact have the effect of a special jury verdict and are binding upon this court if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

II. *Motion to amend.* Plaintiffs' original petition challenged decedent's will and subsequent codicil in three counts. Count one asserted that execution was improper under Iowa code section 633.279(1) (1985). Counts two and three asserted lack of testamentary capacity and undue influence respectively.

During discovery, plaintiffs filed a motion to amend seeking, among other changes not relevant to this discussion, to add a fourth count to their petition. The

fourth count alleged that defendants Earl and Leona Bearbower "misappropriated and converted funds and other assets of decedent to their own use and benefit." Defendants resisted the motion to amend, and the trial court later overruled the motion as not relevant to the issues in the will contest. Plaintiffs assert error in that regard.

As a general rule, allowance of amendments to pleadings are favored. Iowa Rule of Civil Procedure 88 concerning motions to amend states in relevant part:

> A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise, a party may amend a pleading only by leave of court or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.

Plaintiffs' motion to amend was filed after defendants filed responsive pleadings. Hence, the decision to grant or overrule that motion was within the trial court's discretion. *See Johnston v. Percy Const., Inc.*, 258 N.W.2d 366, 370 (Iowa 1977). "We are reluctant to find an abuse of discretion in a trial court ruling granting or denying a party leave to amend. This is true even though allowance of an amendment is the general rule and denial the exception." *Id.* at 370–71 (citations omitted). If there is a solid legal basis supporting the ruling on a motion to amend, there is no abuse of discretion. *See Neylan v. Moser*, 400 N.W.2d 538, 543 (Iowa 1987).

The trial court denied permission to amend because it believed the proposed fourth count was not relevant to the issues presented in the will contest. Examining the issues raised by an action for conversion under these facts, we find sufficient legal basis to support the trial court's ruling.

Plaintiffs asserted in their proposed amended count that defendants converted decedent's property during his lifetime in violation of *decedent's* rights in that property. Initially, this assertion puts into issue plaintiffs' standing to bring this action on the decedent's behalf. That question aside, an action for conversion sounds in tort,[1] raising issues which require evidence and proof unrelated to testamentary capacity and will execution formalities, and only vaguely related to undue influence. Neither the time nor the effort that would be expended in a separate trial on the conversion action would have been reduced by allowing the amendment.

Additionally, we find no prejudice to plaintiffs occasioned by the trial court's ruling. *See* Iowa R.App.P. 1(b). Plaintiffs were not prevented from presenting evidence of defendants' alleged use of decedent's personal property before his death to the extent that evidence was relevant to their claim of undue influence. They could have pursued their tort action by filing a separate action. The issues being significantly different in that suit, they would have had to cover little, if any, ground that has already been covered in the present suit.

We find no abuse of discretion in the trial court's decision to overrule plaintiffs' motion to amend under this record and find no resulting prejudice affecting the outcome of the present action.

III. *Due execution of decedent's will.* In the main issue of this appeal, plaintiffs contend that decedent's will was ineffectively executed in two ways. First, although nurse Springer witnessed Jacob Bearbower sign his will, plaintiffs point out that she could not remember whether he expressly stated to those present at the time that the document he was signing was his will. She did testify on direct examina-

---

1. The essential elements of conversion are: 1) ownership by the plaintiff or other possessory right in the plaintiff greater than that of the defendant; 2) exercise of dominion or control over chattels by defendant inconsistent with, and in derogation of, plaintiff's possessory rights thereto; and 3) damage to plaintiff. *See* Welke v. City of Davenport, 309 N.W.2d 450, 451–52 (Iowa 1981); *Merchants and Farmers State Bank v. Rosdail*, 257 Iowa 1238, 1246–47, 131 N.W.2d 786, 790 (1964), *opinion clarified* 257 Iowa 1117, 136 N.W.2d 287 (1965); *see also* 18 Am.Jur.2d *Conversion,* § 2 (1985).

tion, however, that Jacob knew he was signing his last will. Second, plaintiffs add that Springer also could not remember Jacob expressly asking her or the other witness to witness his will, although she recalled being asked by someone to witness the will. The same two objections were leveled at the execution of the codicil because secretary McGill could not remember Bearbower expressly telling her the document he was signing was his codicil, or expressly asking her to witness it.

Plaintiffs contend these facts do not meet the requirements of Iowa Code section 633.279(1), which provides in relevant part:

> All wills and codicils ... to be valid, must be in writing, signed by the testator ... *and declared by the testator to be the testator's will,* and witnessed, *at the testator's request,* by two competent persons who signed as witnesses in the presence of the testator and in the presence of each other.

(Emphasis added.)

We addressed a similar claim in *Matter of Estate of Graham,* 295 N.W.2d 414 (Iowa 1980). The plaintiffs in *Graham* argued that execution of that will was ineffective for the same two reasons presented here.

The first paragraph of the contested will in *Graham* stated that the testator did "publish and declare this instrument to be my last Will and Testament." *Id.* at 416. The testator did not, however, make an oral declaration that the instrument he was signing was his will. He merely affirmed the correctness of the will when questioned by the attorney to that effect and signed the will. While the will was witnessed, the testator did not expressly ask the witnesses to witness his will.

The plaintiffs in *Graham* argued that this execution did not satisfy the legislative addition of the "declaration" requirement to Iowa Code section 633.279(1). Examining that addition, we disagreed, stating that "it would appear that the purpose of adding the requirement was merely to ensure that the testator realize the testamentary significance of his actions." *Id.* at 417.

■ On the issue of Jacob Bearbower's competency and ability to comprehend the testamentary significance of his actions, the trial court had before it the testimony of both interested and disinterested witnesses. The court chose to rely heavily upon the testimony of the disinterested witnesses, and concluded, based upon the whole record, that Bearbower was alert and aware of what was taking place during execution of his will. There is substantial evidence in the record to support this factual conclusion.

Bearbower's 1975 will also contained an initial paragraph declaring the document to be his will. This paragraph, coupled with other substantial evidence to indicate that Bearbower was aware of the testamentary significance of his actions, satisfies the declaration requirement under this record.

■ As for the 1978 codicil, it also contained language declaring the document to be Jacob Bearbower's codicil to his 1975 will. Jacob requested the change recorded in the codicil and waited in his attorney's office while his attorney's secretary, McGill, typed it. Based on these facts, the trial court found that the codicil "was assuredly duly executed with [attorney] Craig and his secretary, Sherry McGill, as witnesses." This finding, which is substantially supported, satisfies the declaration requirement with regard to the codicil.

■ The requirement in section 633.-279(1) that the testator "request" the witnesses to act was also addressed in *Graham.* There, we expressly reaffirmed the *Hagemeier* rule that "the request may be implied from the testator's acts or the surrounding circumstances." *In re Estate of Hagemeier,* 244 Iowa 703, 706, 58 N.W.2d 1, 3 (1953). Based on the trial testimony, the court found such an implied request in the circumstances surrounding the execution of both decedent's will and codicil. We conclude that substantial evidence supports this finding.

■ We add as a relevant observation that had we reached a different conclusion

regarding execution of Jacob's 1975 will, his duly executed codicil, which expressly proclaimed to "republish, ratify and reaffirm" his 1975 will, would have cured any defects in the execution of the will. *See* Iowa Code § 633.282.[2]

We find no error in the trial court's conclusion that decedent's will and codicil were duly executed and valid.

■ IV. *Trial court compliance with rule 179(a).* Finally, plaintiffs complain that the trial court filed its decision in this case without separately stating its findings of fact and conclusions of law as required by Iowa Rule of Civil Procedure 179(a). Although the better course to follow when filing a decision is to make separate headings entitled "findings of fact" and "conclusions of law," and to list findings and conclusions accordingly, the trial court did specifically make factual findings in separate paragraphs throughout the filed decision, and its ultimate legal conclusion was clear. We find no prejudice to plaintiffs here and no merit in this assignment of error.

V. *Disposition.* We are satisfied that there was substantial evidence to support the court's findings and there was no abuse of discretion nor any prejudice affecting this case in the trial court's decision to deny plaintiffs' motion to amend. Accordingly, the trial court's judgment is affirmed.

AFFIRMED.

---

**2.** Iowa Code § 633.282 states:

   If a codicil to a defectively executed will is duly executed, and such will is clearly identified in said codicil, the will and the codicil shall be considered as one instrument and the execution of both shall be deemed sufficient.