## In re LEVITT'S WILL.

No. 62197-C.

County Judges' Court, Dade County.

May 13, 1964.

Ely R. Katz and Meyer, Weiss, Rose & Arkin, all of Miami Beach, for the co-executors.

Morton R. Goudiss, Miami Beach, for Anna Gellar.

GEORGE T. CLARK, County Judge.

*Order denying motion to strike:* This matter is before the court upon the petition of Anna Gellar for revocation of probate of the will and codicil of Yetta Levitt on the ground that the will and codicil were not properly executed, and the motion of the co-executors to dismiss said petition for revocation of probate. It is considered that a motion to strike is the proper procedure in the county judge's court to test the legal sufficiency of a petition for revocation of probate and, therefore, the motion to dismiss will be treated as a motion to strike. The matter was orally argued by counsel for both parties and briefs were submitted by both.

The pertinent part of the will of Yetta Levitt follows —

"IN WITNESS WHEREOF I have set my hand and seal to this Last Will and Testament, which consists of two (2) pages, to each of which I have affixed my mark as my signature this 27 day of March, 1962.

X      (Her mark)      (Seal)"

The codicil was executed in a like manner, but it consisted of only one page.

The applicable statute is —

"731.07  *Execution of wills.*—Every will, other than a nuncupative will, must be in writing and must be executed as follows:

(1)  The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto."

There is no Florida case in point. In support of their contention that the will was properly and validly executed counsel for the co-executors have submitted cases from nine states having statutes practically identical with the Florida statute with reference to the execution of a will. Only two of these cases support the contention of the proponents of the will. It is significant that in eight of the nine cases cited the name of the testator was written at the end of the instrument. In three of the cases the opinion shows affirmatively that the name of the testator was written at the end of the will in his presence and at his request. This is strict compliance with the statute. In three of the cases, although the name was written at the end of the will, it does not appear from the opinion whether or not it was written in the presence of and at the request of the testator. This point was not discussed in these opinions.

The proponents of the will and codicil rely strongly upon the case of Scott v. Hawk, 107 Iowa 723, 77 N.W. 467. In that case the name of the testator was written at the end of the will. The only point raised in the appellate court was that the testator's name was not written by a witness to the will. The Iowa court properly held that there was no requirement of the Iowa statute that the testator's name be written by a witness. This was a complete disposition of the point in regard to the execution of the will, and the subsequent discussion as to a mark as a signature was pure dicta.

The court recognizes that Illinois with a statute similar to ours has held that a will executed by a mark without any identification and without the testator's name being written in his presence and

at his request was validly executed, and that Nebraska held that if the testator made his mark in the presence of witnesses, it was immaterial whether his name was written at his direction and in his presence.

However, these cases are persuasive only and not binding upon the courts of Florida. This court is of the firm conviction that when the Florida statute prescribes a simple and easy method for the execution of a will by a person who cannot write for any reason, the provisions of the statute are mandatory, and that this court should not approve any substitute.

The scrivener of this will attempted by the language used to adopt the mark as a signature. When the will was presented for probate ex parte, the court admitted the will because of the use of the language, there being then no objection to its admission to probate. Now the matter has been squarely presented to the court by the petition for revocation of a party in interest. After mature consideration, the court is of the opinion that a mark is not a signature, and that the provisions of the statute must be followed.

The appellate courts of Florida have repeatedly held that the probate statute should be strictly construed — In re Estate of Gross, Fla.App. 3rd, 144 So.2d 861; In re Estate of Bauer, Fla. App. 1st, 161 So.2d 678.

It is therefore ordered and adjudged that the motion to strike the petition for revocation of probate of the will and codicil of Yetta Levitt for improper execution is denied.