# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1833

_____

Northeast Iowa Ethanol, L.L.C.,
an Iowa Limited Liability Company,

        Appellee,

    v.

Global Syndicate International, Inc.;
Martin Ubani; Peter B. Topol;

        Defendants,

Jerry Drizin;

        Appellant,

Michelle Arsenault; William G.
Davenport; Dorchester Enterprises,
Inc.; Don Walls; Jesse W. Erwin,

        Defendants.

*  Appeal from the United States
*  District Court for the
*  Northern District of Iowa.

*    [UNPUBLISHED]

_____

Submitted: August 31, 2007
Filed: September 10, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Following a bench trial, Jerry Drizin appeals the district court's[1] order and judgment in favor of Northeast Iowa Ethanol, L.L.C. (NIE), holding him liable for $3.8 million in compensatory damages and $7.6 million in punitive damages for misappropriating funds. Having carefully reviewed the parties' arguments and the record on appeal, we affirm.

To begin, we hold that the court did not err in exercising personal jurisdiction over Drizin. See Bowman v. Koch Transfer Co., 862 F.2d 1257, 1258 (6th Cir. 1988) (by answering complaint, defendants waived any personal jurisdiction defense); Gilmore v. Shearson/Am. Express Inc., 811 F.2d 108, 112 (2d Cir. 1987) (if personal jurisdiction defense has been waived by failure to raise it in response to original complaint, it may not be resurrected merely because amended complaint was filed); cf. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004) (personal jurisdiction questions are reviewed de novo).

We further hold that the district court's credibility determinations and inferences are reasonable and permissible, and that none of its findings are based on an erroneous view of the law or are clearly erroneous. See Fed. R. Civ. P. 52(a) (findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to opportunity of trial court to judge credibility of witnesses); Richardson v. Sugg, 448 F.3d 1046, 1052 (8th Cir. 2006) (following bench trial, trial court's factual findings are reviewed for clear error; court will overturn factual findings only if they are not supported by substantial evidence in record, if they are based on erroneous view of law, or if appellate court

[1]The Honorable John A. Jarvey, then a United States Magistrate Judge for the Northern District of Iowa, now a United States District Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

is left with definite and firm conviction that error was made; due regard is given to district court's judgment of witness credibility, and choice between two permissible views of evidence is not clearly erroneous).

Given the district court's factual findings, we conclude that the court did not err in holding Drizin liable for conversion of $3.8 million belonging to NIE. <u>See Bearbower v. Bearbower (In re Estate of Bearbower)</u>, 426 N.W.2d 392, 394 n.1 (Iowa 1988) (essential elements of conversion are (1) ownership by plaintiff or other possessory right in plaintiff greater than that of defendant; (2) exercise of dominion or control over chattels by defendant inconsistent with, and in derogation of, plaintiff's possessory rights thereto; and (3) damage to plaintiff). We also conclude that the court was warranted in awarding $7.6 million in punitive damages. <u>See McClure v. Walgreen Co.</u>, 613 N.W.2d 225, 230 (Iowa 2000) (en banc) (standard for awarding punitive damages requires showing that, by "a preponderance of clear, convincing, and satisfactory evidence, the conduct of the defendant from which the claim arose constituted willful and wanton disregard for the rights or safety of another"; "willful and wanton disregard" includes intentional act in disregard of known or obvious risk creating high probability of harm, usually accompanied by conscious indifference to consequences); <u>cf. Heslinga v. Bollman</u>, 482 N.W.2d 921, 922 (Iowa 1992) (affirming judgment for compensatory and punitive damages in action for conversion). We thus find it unnecessary to address the merits of the district court's additional liability determinations. <u>See Simmons v. Cook</u>, 154 F.3d 805, 808-09 (8th Cir. 1998) (appellate court may affirm on any basis supported by record).

Finally, we reject as meritless Drizin's suggestion that reversal is appropriate because of improper conduct by the district court or by NIE's counsel.

The judgment is affirmed. <u>See</u> 8th Cir. R. 47B.

_____