Steve Van DUSSELDORP
et al., Plaintiffs,

v.

Kim Lean HO et al., Defendants.

No. 4:13–cv–00171.

United States District Court,
S.D. Iowa,
Central Division.

Signed March 4, 2014.

Rachel T. Rowley, Brown Winick Graves Gross Baskerville & Schoenebaum PLC, Des Moines, IA, for Plaintiffs.

Mark A. Otto, Otto Law Office PLLC, Newton, IA, for Defendants.

ORDER

ROBERT W. PRATT, District Judge.

Before the Court is Plaintiffs' Motion for Attorney Fees and Costs ("Motion"), filed

January 7, 2014.[1] Clerk's No. 26. The affidavit submitted by Plaintiffs' counsel in support of this Motion states that "Plaintiffs are seeking an award of fees and costs in the amount of $15,507.82." Ex. B (Aff. in Supp. of Award of Attorney Fees and Costs) (Clerk's No. 26–3) ¶ 7. Of that amount, $13,643.50 is attributable to attorney fees and the remaining $1,864.32 is attributable to various costs incurred in the course of this litigation. Ex. A (Itemization of Attorney Fees and Costs) (Clerk's No. 26–2) at 1–6. On January 20, 2014, Defendants Ashley Robeson and Sarah Shaw (collectively "Defendants") filed a response (Clerk's No. 27), the substance of which is that Defendants "do not resist the sum of $15,507.82 being paid from the 401(k) proceeds that have been paid into the Court in this action." *Id.* ¶ 2. Plaintiffs have not filed a reply. The Motion is fully submitted.[2]

## I. LAW AND ANALYSIS

### A. *Legal Standard*

■■■ "[Plaintiffs] bear[ ] the burden of establishing [their] entitlement to an [attorney fee] award." *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "The amount of fees to be awarded in an interpleader action[, however,] is committed to the sound discretion of the district court," *Trs. of the Dirs. Guild of Am.–Producer Pension Benefits Plan v. Tise,* 234 F.3d 415, 426 (9th Cir.2000) (internal citation omitted); *accord In re Technical Equities Corp.,* 163 B.R. 350, 360 (Bankr.N.D.Cal.1993) ("It is fundamental that an award of attorney fees in an interpleader action is within the trial court's discretion . . . .") and will not be disturbed "absent a clear abuse of that discretion," *Wescott Agri–Prods., Inc. v. Sterling State Bank, Inc.,* 682 F.3d 1091, 1094 (8th Cir.2012) (internal citation and quotation marks omitted). Thus, an award of "attorney fees to an interpleader [plaintiff] is not mandatory, but . . . permissive." *In re Technical Equities Corp.,* 163 B.R. at 360. The only limitation imposed on trial courts in this context is the prohibition on awarding attorney fees "if incurred in asserting [the interpleader plaintiff's] interest . . . in the funds." *Id.* (internal citation omitted); *cf. Ferber Co. v. Ondrick,* 310 F.2d 462, 467 (1st Cir.1962) ("[I]nterpleader fee is usually awarded out of the fund to compensate a *totally disinterested stakeholder* who had been, by reason of the possession of the fund, subjected to conflicting claims through no fault of its own." (emphasis added)). "[T]he broad rule governing an award of attorney[ ] fees is reasonableness." *Protective Life Ins. Co. v. Kridner,* No. 12–0582, 2013 WL 1249205, at *4, 2013 U.S. Dist. LEXIS 43020, at *17 (D.Minn. Mar. 27, 2013).

---

1. The Court denies as moot Plaintiffs' Motion for Attorney Fees and Costs (Clerk's No. 24), filed December 30, 2013, because the current Motion (Clerk's No. 26) supersedes it.

2. The parties have done very little to assist the Court in calculating the appropriate amount of attorney fees and costs that should be recovered out of the interpleaded funds in this case. Plaintiffs assert that *all* attorney fees and costs billed by their counsel are recoverable, yet fail to cite any legal authority for such a bold proposition. Indeed, although Plaintiffs cite two cases in support of their position, *see* Pls.' Br. in Supp. of Their Mot. (Clerk's No. 26–1) at 3, they do not explain how or why these cases compel the conclusion urged by Plaintiffs. As for Defendants, the Court is baffled as to what motivated them to expressly concede that the entire amount of attorney fees and costs claimed by Plaintiffs is recoverable in an ERISA interpleader action. *See* Defs.' Nonresistance to Pls.' Mot. (Clerk's No. 27) ¶ 2. Given the relevant case law in this area, Defendants' acquiescence is a clear capitulation that is irreconcilable with fundamental notions of zealous advocacy in adversarial proceedings.

"Interpleader is a valuable procedural device for ERISA plans ... [that] are confronted with conflicting ... claims upon the proceeds of ... [the deceased's] benefit plan." *Tise,* 234 F.3d at 426. The filing of an interpleader action benefits all claimants "by promoting early litigation on the ownership of the fund, thus preventing dissipation." *Id.* (internal citation and quotation marks omitted). Because this benefit inures to all claimants, the law allows interpleader plaintiffs to claim reimbursement of their attorney fees and costs. *Id.; Protective Life Ins. Co.,* 2013 WL 1249205, at *2, 2013 U.S. Dist. LEXIS 43020, at *7 ("[A] disinterested stakeholder who is threatened with multiple liability and who interpleads the claimants should ordinarily not bear the expenses it incurs in bringing the action, and is entitled to attorneys['] fees." (internal citations and quotation marks omitted)).

■ Recoverable expenses are properly limited to the attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit. *Tise,* 234 F.3d at 426–27 (internal citation omit-

ted). An interpleader plaintiff is, thus, not entitled to an attorney fee reimbursement for any "additional professional services" rendered by the plaintiff's attorney. *See Hartford Fire Ins. Co. v. Prof'l Men's Inv., Inc.,* 337 F.2d 1011, 1012 (3d Cir.1964). Because of this limited scope of "compensable expenses," the typical attorney fee award is "modest." *Tise,* 234 F.3d at 427 (internal citations omitted); *see also Ferber Co.,* 310 F.2d at 467 ("By its very nature, ... [the attorney fee award] is of a relatively small amount, simply to compensate for initiating the proceedings."). Additionally, since the attorney fees are reimbursed out of the interpleaded fund, "there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Tise,* 234 F.3d at 427.

■ With this legal framework in mind, the Court turns to Plaintiffs' Motion. After analyzing the billings submitted by Plaintiffs' counsel, the Court has determined that Plaintiffs are entitled to a reimbursement in the amount of $3,506.00, as evidenced by the table below:

| Services Rendered | Hours Claimed | Hours Allowed | Hourly Rate | Total |
|---|---|---|---|---|
| Complaint and Motion to Deposit Funds | 8.00 | 4.00 | $225 | $900 |
| Service of Process Issue | 8.00 | 2.00 | $225 | $450 |
| Motion to Dismiss | 11.25 | 6.00 | $225 | $1,350 |
| Filing Fee | N/A | N/A | $- | $350 |
| Service of Process | N/A | N/A | $- | $456 |
| | | | Grand Total | $3,506 |

### B. *Attorney Fees*

As seen in the table above, in arriving at the total amount of reimbursable fees and costs, the Court disallowed some of the hours that Plaintiffs' counsel spent in preparing the complaint, the motion to deposit the interpleaded funds with the Court, and

the motion to dismiss Plaintiffs from the case, as well as some of the hours devoted to matters concerning the service of process. With respect to the complaint, the motion to deposit the interpleaded funds, and the motion to dismiss, the Court notes that none of these three filings involves

complex issues of fact or law.[3] Although the service of process issue was somewhat complicated by the fact that one of the claimants (Defendant Kim Lean Ho) was a citizen and a resident of a foreign nation, devoting eight hours to arranging service of process is excessive, even under the circumstances of this case. Indeed, Federal Rule of Civil Procedure 4(f) addresses most of the specifics pertaining to serving an individual in a foreign country.

Furthermore, an examination of the itemized billings submitted by Plaintiffs' counsel shows that the majority of the attorney time billed is unrelated to the filing of the complaint, obtaining service of process on the claimants to the funds, or Plaintiffs' discharge from liability and dismissal from the lawsuit. Accordingly, Plaintiffs may not recover the attorney fees billed by their counsel for these unrelated services.[4] For instance, some of the rendered services concern the proper way to account for the deceased's outstanding 401(k) account loan and Plaintiffs' "reporting and withholding questions." Ex. A at 3. Plaintiffs' counsel also conducted and billed for legal research regarding personal and *in rem* jurisdictions—issues that have, at best, only a tangential relationship to the interpleader action.[5] *Id.* at 3–4.

Furthermore, considerable time was devoted to the initial investigation of the underlying facts in the case prior to the actual filing of the interpleader action. *See id.* at 1 (documenting telephone and email correspondence with various parties taking place in February and March of 2013). By concluding that the attorney fees billed for these services are not recoverable, the Court is not suggesting that the services were unnecessary or that they did not benefit Plaintiffs [6]; rather, the Court has merely made the determination that, under applicable law, they are not recoverable. *See Hartford Fire Ins. Co.*, 337 F.2d at 1012.

### C. Costs

The Court has also disallowed a portion of the costs claimed by Plaintiffs. *Compare* Ex. A at 6 *with supra* p. 1071 (Table). In particular, the Court has determined that the June 26, 2013 "Misc. Adv.-Paypal Services" payment of $393.75 and the Westlaw research charges are not recoverable. *See* Ex. A at 6. With regard to the Paypal payment, the Court is unable to identify its purpose and, accordingly, concludes that the entire amount ($393.75) should be disallowed. *See Hensley*, 461

---

**3.** Additionally, all three filings are very modest in length. *See* Clerk's Nos. 1–2, 8.

**4.** Many of the billing entries by Plaintiffs' counsel do not provide sufficient information for the Court "to identify the nature of the … [services rendered and] whether the time expended was reasonable." *See Protective Life Ins. Co.*, 2013 WL 1249205, at *5, 2013 U.S. Dist. LEXIS 43020, at *21 (internal citation and quotation marks omitted). For instance, as many as twenty of the billing entries describe the type of services provided as paying "[a]ttention to" some legal matter, but fail to specify the exact nature of the work performed. *See, e.g.,* Ex. A at 2, 3, 4, 5. Thus, these entries simply do not contain enough detail for the Court to determine whether they represent compensable expenses. According-

ly, the respective amounts have been disallowed.

**5.** Even assuming, however, that these issues deserved some attention, the Court finds that spending almost eight hours in research, *see* Ex. A at 3–4, is not justified by this case's level of complexity. For instance, since personal jurisdiction can be waived, *see Ne. Iowa Ethanol, LLC v. Global Syndicate Int'l, Inc.*, 247 Fed.Appx. 849, 850 (8th Cir.2007) (per curiam), it would have been more efficient to research that issue only if one of the defendants in the case contested it.

**6.** Indeed, to pass judgment on such issue would be both inappropriate and beyond the scope of the task at hand.

 

U.S. at 433, 437 n. 12, 103 S.Ct. 1933 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.... Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."); *Protective Life Ins. Co.*, 2013 WL 1249205, at *5, 2013 U.S. Dist. LEXIS 43020, at *19 ("[A]ny [u]ncertainties in a fee application due to nonspecific entries are resolved against the applicant.... Therefore, it is important that stakeholders seeking fees provide enough detail in their affidavits to allow the Court to ascertain what particular legal matter the billed activity concerned." (internal citation and quotation marks omitted)). Similarly, Plaintiffs have failed to specify to what type of legal research the Westlaw research charges relate.[7] *See id.* Furthermore, Plaintiffs have not cited any legal authority suggesting that legal research charges constitute recoverable costs in an ERISA interpleader action.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorney Fees and Costs (Clerk's No. 26) is hereby granted in part and denied in part. Specifically, Plaintiff shall be permitted to recover $3,506.00 in attorney fees and costs; any request for funds in excess of this amount is denied. Accordingly, the Clerk of Court shall disburse $3,506.00 of the funds held in this case to Plaintiff's counsel and shall distribute the remaining balance, in equal parts,

to Defendants Ashley Robeson and Sarah Shaw.

IT IS SO ORDERED.

---

7. Even assuming, however, that Plaintiffs had provided such details, the Court is doubtful that $664.67 in legal research was necessary to complete a plaintiff's tasks in an ERISA interpleader action. *See Protective Life Ins. Co.*, 2013 WL 1249205, at *1, 2013 U.S. Dist. LEXIS 43020, at *1 ("In general, interpleader should be a simple, speedy, efficient, and economical remedy, and bringing an action for interpleader does not usually involve any great amount of skill, labor or responsibility." (internal citation and quotation marks omitted)).